## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

DAVID KUBIAK; Individually, and on behalf
of All Other Similarly Situated Who Consent
to Their Inclusion in a Collective Action;
            Plaintiffs,

vs.                                                    Case No.:
                                                       3:12-cv-1306-J-34JRK
S.W. COWBOY, INC., A Florida
Corporation d/b/a SALTWATER COWBOYS;
            Defendants,
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID KUBIAK; Individually, and on behalf of All Other Similarly Situated

Who Consent to Their Inclusion in a Collective Action ("KUBIAK" or together with all other

Plaintiffs "PLAINTIFFS"), hereby file this Complaint against Defendants, S.W. COWBOY,

INC., A Florida Corporation d/b/a SALTWATER COWBOYS ("SALTWATER COWBOYS")

and alleges as follows:

### INTRODUCTION

1.      The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions

        detrimental to the maintenance of the minimum standard of living necessary for health,

        efficiency, and general well-being of workers..." 29 U.S.C. §202(a). To achieve its goals,

        the FLSA sets minimum wage and overtime pay requirements for covered employers. 29

        U.S.C. §§206(a) & 207(a).

2.      The FLSA allows employers to pay less than minimum wage to employees who receive

        tips, 29 U.S.C §203(m). In doing so, employers may take a "tip credit," which allows

        employers to include in their calculation of tipped employees' wages the amount that an

        employee receives in tips. *Id.* In order to apply a tip credit toward an employee's

minimum wage, an employer must satisfy two conditions: (i) The employer must inform the employee that it will take a tip credit; and (ii) tipped employees must retain all the tips they receive, except those tips included in a valid tipping pool among employees who customarily and regularly receive tips. *Id.*

3.  SALTWATER COWBOYS violated the FLSA by requiring its servers to participate in an invalid tip pool, whereby servers must contribute a percentage of their tips employees who do not regularly and customarily receive tips.

4.  Defendants, violated the FLSA by requiring its servers to participate in an invalid tip pool, whereby servers must contribute a percentage of their tips to kitchen staff, including but not limited to chefs, cooks and expediters and who do not customarily and regularly receive tips.

5.  Accordingly, PLAINTIFF brings this collective action on behalf of all similarly situated employees who may choose to opt into this action pursuant to §216(b) of the FLSA who have been paid less than the minimum wage and have been forced to participate in an invalid tip pool requiring them to share tips with employees who do not customarily and regularly receive tips. PLAINTIFF, along with all other Opt-in Plaintiffs, who have consented to join this action and filed opt-in notices with the Court already, consents to this collective action pursuant to 29 USC 216(b).[1]

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically under the FLSA, 29 U.S.C. §201, et seq.

8.  Plaintiffs' claims arise under §§ 29 U.S.C. 203(m), 206, and 216(b) of the FLSA.

---

[1] Along with this complaint, Plaintiff has submitted the opt-in consent from three (3) other servers who worked at SALTWATER COWBOYS during the applicable time period; Jason Crowling, Joseph Keating and Steven Patterson.

9.     This Court has personal jurisdiction over this action because the Defendants were and are engaged in a business enterprise conducting business within the State of Florida.

10.    Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. 1391(b) because the acts complained of herein took place in this District and Plaintiffs worked in the State of Florida for the Defendants within the territory of the Middle District of Florida.

## THE PARTIES

### The Representative Plaintiff

11.    **Plaintiff, David Kubiak,** is a resident of St. Johns County, Florida. At all times relevant to this action, KUBIAK worked as a server at the Defendants' Saltwater Cowboy restaurant located in St. Augustine, Florida from March 2008 through the April 2012.

12.    KUBIAK received biweekly paychecks which indicate compensation at an hourly rate less than the minimum wage.[2]

13.    Pursuant to policy and plan, while working as a server, KUBIAK was required to pay a percentage of his tips to the "kitchen staff" (including chefs and line cooks)[3] and expeditors[4]. KUBIAK did in fact "tip out" the Kitchen Staff, and expeditors at the end of each shift as a server.

14.    At all times relevant to this action, KUBIAK, and all other similarly situated opt-in servers and bartenders were employees of SALTWATER COWBOYS within the meaning of 29 U.S.C. § 203(e)(1).

---

[2] The applicable minimum wage in the State of Florida was $7.21/hr (January 1, 2009 through July 23, 2009); $7.25/hr (July 24, 2009 through May 31, 2011) and $7.31/hr (June 1, 2011 through December 31, 2011).

[3] For the purposes of this pleading, "Kitchen Staff" includes employees performing the job duties or functional equivalent of chefs, line cooks, sous chefs, or other similar job duties as may be defined pursuant to discovery.

[4] For the purposes of this pleading, expediters

**Defendants**

28.    **Defendant, S.W. COWBOY, INC.,** is a for profit corporation organized and existing under the laws of Florida, with its principle place of business located at 299 Dondanville Road, Saint Augustine FL 32080.

29.    S.W. COWBOY, INC., operates under the trade name SALTWATER COWBOYS.

30.    Pursuant to the exercise of common control and ownership of S.W. COWBOY, INC. is an "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 203.

31.    Pursuant to the exercise of common control and ownership of SALTWATER COWBOYS is an "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 203.

## GENERAL ALLEGATIONS

58.    Plaintiffs, and similarly situated servers and bartenders receive biweekly paychecks, which indicate an hourly rate less than the minimum wage.

59.    At all times relevant hereto, and for a three (3) year period immediately preceding the filing of this suit, Defendants took advantage of FLSA's tipped employees tip credit, paying Plaintiff and similarly situated class members a wage that is less than the required Minimum Wage pursuant to the FLSA.

60.    At all times relevant hereto, and for the three (3) year period immediately preceding the filing of this suit, SALTWATER COWBOYS instituted a mandatory tip pool policy.

61.    The tip pool policy required that all servers turn over (a.k.a. 'tip-out') a percentage of their tips to the Kitchen Staff, and expeditors during that shift.

62.  At the end of each shift, SALTWATER COWBOYS servers each individually receive a "Summary of Sales" report, which shows the amount of tips they individually earned for that shift and the percentages of tips required to be shared with Kitchen Staff and expediters.

63.  Plaintiff and similarly situated employees were required to complete tip-out forms indicating the amount of tips they shared and were required to share with Kitchen Staff and expediters (aka "Expos").

64.  Aside from their paystubs, Plaintiff and other similarly situated employees have never received documentation or a proper explanation regarding the tip pool and tip credit disbursement. Simply stated, they have not been provided the proper notice as required by law to allow the Defendants to lawfully claim a tip credit under the FLSA.

65.  The Kitchen Staff, and expeditors received compensation from the tip pool pursuant to SALTWATER COWBOYS' tip pool policy.

66.  SALTWATER COWBOYS does not claim a tip credit for Kitchen Staff.

67.  The Department of Labor's Field Operations Handbook expressly forbids chefs and cooks (ie. Kitchen Staff) from participating in tip pooling arrangements.

68.  Expediters at SALTWATER COWBOYS are paid a reduced minimum wage, but perform(ed) no customer service interaction.

69.  Expediters worked exclusively in the back of the house on the food preparation line monitoring food tickets, cooking times, performing quality control, preparing food presentation, garnishing entrees and placing food on trays.

70.  Where a tipped employee is required to contribute to a tip pool that includes employees who do not customarily and regularly receive tips, the employee is owed all tips he or she contributed to the pool in addition to repayment of the applicable minimum wage.

71.    Because the Plaintiff, and other similarly situated employees, have not been permitted to retain all of their tips and have been forced to participate in an invalid tip pool arrangement, the Defendants have not been eligible to claim the "tip credit" against the minimum wage and thus is obligated to pay all employees the full minimum wage.

72.    In addition, the Defendants have not complied with its obligations to inform or properly notice employees of the tip credit.

## COLLECTIVE ACTION ALLEGATIONS

73.    Plaintiffs bring this action as a collective action pursuant to the Fair Labor Standards Act § 216(b), on behalf of him and a class of persons consisting of "All servers who have worked as a server at any SALTWATER COWBOYS location between November 20, 2009 and the date of final judgment in this case who elect to opt into this matter."

74.    The claims of the Representative Plaintiff are typical of the claims of the class members.

75.    The number of proposed Class is so numerous that a joinder of all members is impractical though the precise number of class individuals is presently in the sole possession of the Defendant.

76.    Plaintiffs will fairly and adequately represent and protect the interests of the proposed Collective Class members. Plaintiff has retained counsel competent and experienced in complex class and collective actions along with employment litigation. There is no conflict between the Plaintiff and the Class members.

77.    Common questions of law and fact exist as to the proposed Collective Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a.    whether Defendants' policy required servers to share tips with employees who do not customarily and regularly receive tips;

6

b.     whether Defendants' policy of failing to pay workers has been instituted willfully or with reckless disregard of the law; and

c.     the nature and extent of class-wide injury and the measure of damages for those injuries.

78.     Collective representation is superior to other available methods for the fair and efficient adjudication of the controversy for a number of reasons including but not limited to the following: the case challenges the policy of the employer, and many employees may be reluctant to bring claims individually for fear of retaliation; some class members may have only worked for the Defendant for a short period of time and their individual damages would not be substantial enough to be worth the cost and effort of bringing individual claims; many class members will not have the resources to bring their claims individually; and it would be highly inefficient to require each employee affected by the practices challenged herein to bring his or her own individual claim.

**COUNT I**
**Failure to Pay Minimum Wage in Violation of the FLSA**

77.     Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-six (76) *supra*, as if fully set out herein.

78.     The Defendants' conduct in failing to pay all of its employees the appropriate minimum wage and inappropriate claiming of the "tip credit," as set forth above, violates the FLSA, 29 U.S.C. § 201, et seq. and particularly § 206 and § 216.

79.     The Defendants have wrongfully retained tips, which should not be property of the employer.

80.     The Defendants also violate the law by allowing Kitchen Stafff, expediters and other non-tipped employees to keep tips from the tip pool.

81.     Further, Defendants have not complied with its obligation to inform its employees that it was taking a tip credit against them and give them proper notice regarding the same.

82.     Because of the Defendants' failure to comply with the law on tip credits it has lost its ability to claim a tip credit and the Class is entitled to the full cash minimum wage plus those unlawfully retained and/or distributed tips.

83.     This claim is brought on behalf of a class of similarly situated individuals, pursuant to 29 U.S.C. § 216(b).

### PRAYER FOR RELIEF

WHEREFORE Representative Plaintiff respectfully requests that judgment be entered in their favor, awarding them and all similarly situated employees:

a.     An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to §216(b) and that notice be sent to all past and present employees of the Defendant at any time during the three year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice.

b.     The difference between what class was paid and the full minimum wage for each hour worked during which the tip pool was out of compliance and unlawful;

c.     Restitution for all gratuities which the employees were deprived, including but not limited to all "gratuities" paid to the Kitchen Staff and expediters during the applicable time period;

d.     An equal amount to all the damages in the form of liquidated damages as allowed under the FLSA;

e.      Reasonable attorney's fees, costs, and expenses of this action as provided by the

29 USC 216(b); and

f.      Any such legal and equitable relief that this Court may deem appropriate.


## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial
by jury on all questions of fact raised by this Complaint.


Dated this 27th day of November, 2012

s/ Benjamin L. Williams
**BENJAMIN L. WILLIAMS, ESQ.**
Florida Bar No. 0030657
**FELDMAN, MORGADO**
10151 Deerpark Blvd, Bldg 200, Suite 250
Jacksonville, FL 32256
904-240-4300 Phone
904-800-1188 Fax
Email:  bwilliams@ffmlawgroup.com


Trial Counsel and Attorneys for the
Representative Plaintiffs, and the Putative
Classes
