FILED (stamp)

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

DAVID KUBIAK; JASON CROWLING and
JOSEPH KEATING, Individually, and on Behalf
of All Other Similarly Situated Employees;

      Plaintiffs,

vs.

Case No.: 3:12-cv-1306-J-34JRK

S.W. COWBOY, INC., A Florida
Corporation d/b/a Saltwater Cowboys;
CREEKSIDE DINERY INC., a Florida
Corporation, PETER LAWLOR; SCOTT
SINGLETON, WILLIAM WHITE, TERRY
RICHARDSON, ROCHELL DROVILLARD,
JUDY WEGNER and JOHN WIERDA,
INDIVIDUALLY;

      Defendants,
_____/

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, David Kubiak; Jason Crowling and Joseph Keating Individually, and on behalf of All Other Similarly Situated Employees ("Plaintiffs"), hereby file this Second Amended Complaint against Defendants, S.W. Cowboy Inc., A Florida Corporation d/b/a Saltwater Cowboys ("Saltwater Cowboys"), Creekside Dinery Inc. ("Creekside Dinery"), a Florida Corporation, Peter Lawlor, individually ("Lawlor"); Scott Singleton, individually ("Singleton"), William White, individually ("White"), Terry Richardson, individually ("Richardson"), Rochell Drovillard, individually ("Drovillard"), Judy Wegner, individually ("Wegner"), and John Wierda, individually ("Wierda" or together with Defendants Lawlor, Singleton, White, Richardson, Drovillard, Wegner, collectively the "Owners" and the Owners together with Saltwater Cowboys and Creekside Dinery, the "Defendants"), and alleges as follows:

## INTRODUCTION

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. §202(a).

2. Similarly, Art. X §24 Fla. Const. was enacted in 2004 to provide "All working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer."

3. To achieve its goals, the FLSA and the Florida Constitution set minimum wage requirements which employers must pay to their employees.

4. For employees who earn wages and receive tips directly from the customer, the FLSA and Florida Constitution allow employers to take a "tip credit" to satisfy the minimum wage requirements.

5. The Florida Constitution incorporates by reference the FLSA's provisions regarding the tip credit as well as the terms Employer, Employee and Wage. *See* Art. X §24(b) & (c) Fla. Const.

6. The FLSA allows employers to pay less than minimum wage to employees who receive tips, 29 U.S.C §203(t). In doing so, employers may take a "tip credit," 29 U.S.C. §203(m) which allows employers to include in their calculation of tipped employees' wages the amount that an employee receives in tips. *Id.* In order to apply a tip credits towards an employee's customarily and regularly receive tips. *Id.*

7. In order to be eligible to take a tip credit, an employer must satisfy two conditions: (i) The employer must inform the employee that it will take a tip credit; and (ii) tipped employees must retain all the tips they receive, except those tips properly included in a valid tipping pool among employees who requirements for covered employers *See* 29 C.F.R. §531.54.

8. Saltwater Cowboys and Creekside Dinery together with Lawlor, Singleton, White, Richardson, Drovillard, Wegner, collectively and individually violated the FLSA by requiring its servers to participate in an invalid tip pool, whereby servers must contribute a percentage of their tips employees who do not regularly and customarily receive tips.

9. Defendants violated the FLSA by requiring its servers to participate in an invalid tip pool, whereby servers must contribute a percentage of their tips to kitchen staff, including but not limited to chefs, cooks and expediters and who do not customarily and regularly receive tips.

10. Accordingly, Plaintiff brings this class action pursuant to §216(b) of the FLSA and Art. X §24(e) Fla. Const. on behalf of all similarly situated employees who have been paid less than the minimum wage and have been forced to participate in an invalid tip pool requiring them to share tips with employees who do not customarily and regularly receive tips. Plaintiff, along with all other Opt-in Plaintiffs, who have consented to join this action and filed opt-in notices with the Court already, consents to this collective action pursuant to 29 USC 216(b).[1]

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically under the FLSA, 29 U.S.C. §201, et seq.

12. This Court has supplemental jurisdiction over the State of Florida's Constitutional Claims pursuant to 28 U.S.C. § 1367.

13. Plaintiffs' claims arise under§§ 29 U.S.C. 203(m), 206, and 216(b) of the FLSA, and corresponding claims pursuant to Art. X §24 Fla. Const.

14. This Court has personal jurisdiction over this action because the Defendants were and

---

[1] Along with this complaint, Plaintiff has submitted the opt-in consent from seven (7) other servers who worked at Saltwater Cowboys and CREEKSIDE DINERY, INC during the applicable time period; Jason Crowling, Joseph Keating, Jeff Little, Jose Farinos, Matt Dilllon, Chad Boggs and Steven Patterson.

3

are engaged in a business enterprise conducting business within the State of Florida

15. Venue is proper in the Middle District of Florida pursuant to 28U.S.C. 139(b) because the acts complained of herein took place in this District and Plaintiffs worked in the State of Florida for the Defendants within the territory of the Middle District of Florida

16. Plaintiff has satisfied any and all conditions precedent to filing of this action as contemplated by §448.110, Florida Statutes. On March 15, 2013, Plaintiffs' Counsel via certified mail, advised Defense Counsel of the Florida Minimum Wage violations.[2]

## THE PARTIES

### The Representative Plaintiffs

17. **Plaintiff, David Kubiak ("Kubiak")**, is a resident of St. Johns County, Florida. At all times relevant to this action, Kubiak worked as a server at the Defendants' Saltwater Cowboy and Creekside Dinery restaurants located in St. Augustine, Florida from March 2008 through the April 2012.

18. Kubiak received biweekly paychecks which indicate compensation at an hourly rate less than the minimum wage.[3]

19. Pursuant to policy and plan, while working as a server, Kubiak was required to pay a percentage of his tips to the "kitchen staff" (including chefs and line cooks)[4] and expeditors[5] Kubiak did in fact "tip out" the Kitchen Staff, and expeditors at the end of each shift as a server.

20. At all times relevant to this action, Kubiak, and all other similarly situated opt-in

---

[2] See Throw v. Republic Enterp.Sys., 2006 U.S. Dist. LEXIS 46215, 2006 WL 1823783, at *2 (M.D. Fla. Jun. 30, 2006) wherein the Court found that the pre-suit notice provision of §448.110 Fla. Stat. was unconstitutional. Further, Plaintiffs anticipate that the Court will not rule on the Plaintiffs' Motion to Amend the Complaint until after the fifteen (15) day waiting period has lapsed.
[3] The Applicable minimum wage in the State of Florida was $7.21/hr (January 1, 2009 through July 23, 2009); $7.25/hr (July 24, 2009 through May 31, 2011); $731/hr (June 1, 2001 Through December 31, 2011); $7.67 (January 1, 2012 through December 31, 2012; and $7.79 (January 1, 2013 to present)
[4] For the purposes of this pleading, "Kitchen Staff" includes employees performing the job duties or functional equivalent of chiefs, line cooks, sous chef, or other similar job duties as may be defined pursuant to discovery.
[5] For the purposes of this pleading, Expediters are employees who were paid less than minimum wage performing the job of plate inspection and garnishment before the entrees are taken out to customers. Expediters generally also work server shifts. Expediters are not required to wear server uniforms and do not run food out to customers.

servers were employees of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

21. **Plaintiff Joseph Keating ("Keating")** is a resident of St. Johns County, Florida. At all times relevant to this action, Keating worked as a server at the Defendants' Saltwater Cowboy and Creekside Dinery restaurants located in St. Augustine, Florida from February 2011 through January 2013.

22. Keating received biweekly paychecks which indicate compensation at an hourly rate less than the minimum wage.

23. Pursuant to policy and plan, while working as a server, Keating was required to pay a percentage of his tips to the "kitchen staff (including chefs and line cooks) and expeditors. Keating did in fact "tip out" the Kitchen Staff, and expeditors at the end of each shift as a server.

24. At all times relevant to this action, Keating, and all other similarly situated opt-in servers were employees of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

25. Keating joined this litigation as an Opt-in Plaintiff on December 4, 2012.

26. On January 17, 2013, the Owners called a meeting of staff members to, berate participants of the lawsuit, threaten employees who have or may choose to join the lawsuit. *See* Exhibit 1 – Declaration of Joseph Keating.

27. After the staff meeting, Keating was given a pretextual disciplinary action, for hanging out at the hostess stand. Keating was threatened with criminal prosecution for "credit card fraud" when the Owners could prove that he failed to inform customers of the 18% included service charge.

28. **Plaintiff Jason Crowling ("Crowling")** is a resident of St. Johns County, Florida. At all times relevant to this action, Crowling worked as a server at the Defendants' Saltwater Cowboy and Creekside Dinery restaurants located in St. Augustine, Florida from April 2008 through January 17, 2013.

29. Crowling received biweekly paychecks which indicate compensation at an hourly rate less than the minimum wage.

30. Pursuant to policy and plan, while working as a server, Crowling was required to pay a percentage of his tips to the "kitchen staff" (including chefs and line cooks) and expeditors. Crowling did in fact "tip out" the Kitchen Staff, and expeditors at the end of each shift as a server.

31. At all times relevant to this action, Crowling, and all other similarly situated opt-in servers were employees of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

32. Crowling joined this litigation as an Opt-in Plaintiff on December 4, 2012.

33. On January 17, 2013, the Owners called a meeting of staff members to, berate participants of the lawsuit and threaten employees who have or may choose to join the lawsuit. *See* Exhibit 2 – Declaration of Jason Crowling.

34. After the staff meeting, Crowling was given a pretextual disciplinary action for allegedly leaving the restaurant to move his car, and another disciplinary action for failure to inform customers of the 18% service charge that was included in their bill. Crowling was threatened with federal criminal prosecution for credit card fraud and immediately terminated.

**Defendants**

35. **Defendant S.W. COWBOY, INC. ("Saltwater Cowboys")** is a for profit corporation organized and existing under the laws of Florida, with its principle place of business located at 299 Dondaville Road, St. Augustine FL 32080.

36. S.W. Cowboys, Inc., operates under the trade name Saltwater Cowboys.

37. Pursuant to the exercise of common control and ownership of S.W. COWBOY, INC. is an "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 203(d).

38. Pursuant to the exercise of common control and ownership of Saltwater Cowboys is an "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 203(d).

39. **Defendant CREEKSIDE DINERY INC.,** ("Creekside Dinery") is a for profit corporation organized and existing under the laws of Florida, with its principle place of business located at 160 Nix Boatyard Road, St. Augustine FL 32084.

40. Pursuant to the exercise of common control and ownership of Creekside Dinery is an "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 203.

41. **Defendant PETER LAWLOR** ("Lawlor") is an owner of Saltwater Cowboys and Creekside Dinery Lawlor resides in St. Johns County, Florida.

42. As part of his duties, Lawlor supervised the servers, and all similarly situated employees and exercised control over the wages, hours and working conditions of the Plaintiff and similarly situated current and former employee.

43. Through the exercise of dominion and control over all employee related matters at Saltwater Cowboys and Creekside Dinery, Lawlor in his individual capacity, was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

44. **Defendant SCOTT SINGLETON** ("Singleton") is an owner of Saltwater Cowboys and Creekside Dinery. Singleton resides in St. Johns County, Florida.

45. As part of his duties, Singleton supervised the servers, and all similarly situated employees and exercised control over the wages, hours and working conditions of the Plaintiffs and similarly situated current and former employee.

46. Through the exercise of dominion and control over all employee related matters at Saltwater Cowboys and Creekside Dinery, Singleton in his individual capacity, was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

47. **Defendant WILLIAM WHITE ("White")** is an owner of Saltwater Cowboys and Creekside Dinery. White resides in St. Johns County, Florida.

48. As part of his duties, White supervised the servers, and all similarly situated employees and exercised control over the wages, hours and working conditions of the Plaintiffs and similarly situated current and former employee.

49. Through the exercise of dominion and control over all employee related matters at Saltwater Cowboys and Creekside Dinery, White in his individual capacity, was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

50. **Defendant TERRY RICHARDSON ("Richardson")** is an owner of Saltwater Cowboys and Creekside Dinery. Richardson resides in St. Johns County, Florida.

51. As part of his duties, Richardson supervised the servers, and all similarly situated employees and exercised control over the wages, hours and working conditions of the Plaintiffs and similarly situated current and former employee.

52. Through the exercise of dominion and control over all employee related matters at Saltwater Cowboys and Creekside Dinery, Richardson in his individual capacity, was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

53. **Defendant ROCHELL DROVILLARD ("Drovillard")** is an owner of Saltwater Cowboys and Creekside Dinery. Drovillard resides in St. Johns County, Florida.

54. As part of her duties, Drovillard supervised the servers, and all similarly situated employees and exercised control over the wages, hours and working conditions of the Plaintiffs and similarly situated current and former employee.

55. Through the exercise of dominion and control over all employee related matters at Saltwater Cowboys and Creekside Dinery, Drovillard in her individual capacity, was an

"employer" within the meaning of the FLSA, 29 U.S.C. § 203.

56. **Defendant JUDY WEGNER ("Wegner")** is an owner of Saltwater Cowboys and Creekside Dinery. Wegner resides in St. Johns County, Florida.

57. As part of her duties, Wegner supervised the servers, and all similarly situated employees and exercised control over the wages, hours and working conditions of the Plaintiffs and similarly situated current and former employee.

58. Through the exercise of dominion and control over all employee related matters at Saltwater Cowboys and Creekside Dinery, Wegner in her individual capacity, was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

59. **Defendant JOHN WIERDA ("Wierda")** is an owner of Saltwater Cowboys and Creekside Dinery. Wierda resides in St. Johns County, Florida.

60. As part of his duties, Wierda supervised the servers, and all similarly situated employees and exercised control over the wages, hours and working conditions of the Plaintiffs and similarly situated current and former employee.

61. Through the exercise of dominion and control over all employee related matters at Saltwater Cowboys and Creekside Dinery, Wierda in his individual capacity, was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

62. Defendants, by way of common ownership, unified operation and common employment practices, operate a common enterprise consisting mainly of Saltwater Cowboys and Creekside Dinery. Defendants considered all servers at one location to be employees at the other location in that servers were regularly and routinely used to work shifts in either restaurant under the same compensation practices contained herein.

## GENERAL ALLEGATIONS

63. Plaintiffs, and similarly situated servers receive biweekly paychecks, which indicate an hourly rate less than the minimum wage.

64. At all times relevant hereto, and for a five (5) year period immediately preceding the filing of this suit, Defendants took advantage of FLSA's tipped employees tip credit, paying Plaintiffs and similarly situated class members a wage that is less than the required Minimum Wage pursuant to the FLSA.

65. At all times relevant hereto, and for the five (5) year period immediately preceding the filing of this suit, Defendants instituted a mandatory tip pool policy.

66. The tip pool policy required that all servers turn over (a.k.a. 'tip-out') a percentage of their tips to the Kitchen Staff, and expediters during that shift that shift and the percentages of tips required to be shared with Kitchen Staff and expediters during that shift.

67. At the end of each shift, Defendants' servers each individually receive a "summary of sales" report, which shows the amount of tips they individually earned for that shift and the percentages of tips required to be shared with Kitchen Staff and expediters.

68. Plaintiffs and similarly situated employees were required to complete tip-out forms indicating the amount of tips they shared and were required to share with Kitchen Staff and expediters (aka "Expos").

69. Aside from their paystubs, Plaintiffs and other similarly situated employees have never received documentation or a proper explanation regarding the tip pool and tip credit disbursement. Simply stated, they have not been provided the proper notice as required by law to allow the Defendants to lawfully claim a tip credit under the FLSA.

70. The Kitchen Staff and expeditors received compensation from the tip pool pursuant to Defendant's tip pool policy.

71. Defendants do not claim a tip credit for Kitchen Staff.

72. The Department of Labor's Field Operations Handbook expressly forbids chefs and cooks (i.e. Kitchen Staff) from participating in tip pooling arrangements.

73. Expediters at Saltwater Cowboys and Creekside Dinery, are paid a reduced minimum wage, but perform(ed) no customer service interaction.

74. Expediters worked exclusively in the back of the house on the food preparation line monitoring food tickets, cooking times, performing quality control, preparing food presentation, garnishing entrees and placing food on trays.

75. Where a tipped employee is required to contribute to a tip pool that includes employees who do not customarily and regularly receive tips, the employee is owed all tips he or she contributed to the pool in addition to repayment of the applicable minimum wage.

76. Because the Plaintiffs, and other similarly situated employees, have not been permitted to retain all of their tips and have been forced to participate in an invalid tip pool arrangement, the Defendants have not been eligible to claim the "tip credit" against the minimum wage and thus is obligated to pay all employees the full minimum wage.

77. In addition, the Defendants have not complied with its obligations to inform or properly notice employees of the tip credit.

## CLASS ACTION ALLEGATIONS

78. Plaintiffs bring this action as a collective action pursuant to the Fair Labor Standards Act § 216(b) and Art. X §24(e) on behalf of themselves and a class of persons consisting of "All persons who have worked as a server at any Saltwater Cowboys and/or Creekside Dinery, locations between November 20, 2007 and the date of final judgment

in this matter."

79. The claims of the Representative Plaintiffs are typical of the claims of the class members.

80. The number of proposed Class is so numerous that a joinder of all members is impractical though the precise number of class individuals is presently in the sole possession of the Defendants.

81. Plaintiffs and Opt-in Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class members. Plaintiffs have retained counsel competent and experienced in complex class and collective actions along with employment litigation. There is no conflict between the Plaintiffs and the Class members.

82. Common questions of law and fact exist as to the proposed Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   a. whether Defendants' policy required servers to share tips with employees who do not customarily and regularly receive tips;

   b. whether Defendants' policy of failing to pay workers has been instituted willfully or with reckless disregard of the law; and

   c. the nature and extent of class-wide injury and the measure of damages for those injuries.

83. Collective representation is superior to other available methods for the fair and efficient adjudication of the controversy for a number of reasons including but not limited to the following: the case challenges the policy of the employer, and many employees may be reluctant to bring claims individually for fear of retaliation; some class members may have only worked for the Defendant for a short period of time and

12

their individual damages would not be substantial enough to be worth the cost and effort of bringing individual claims; many class members will not have the resources to bring their claims individually; and it would be highly inefficient to require each employee affected by the practices challenged herein to bring his or her own individual claim.

## COUNT I
### Failure to Pay Minimum Wage in Violation of the FLSA

84. Plaintiffs re-alleges and incorporates paragraphs one (1) through eighty-three (83) *supra*, as if fully set out herein.

85. The Defendants' conduct in failing to pay all of its employees the appropriate minimum wage and inappropriate claiming of the "tip credit," as set forth above, violates the FLSA, 29 U.S.C. § 201, et seq. and particularly § 206 and §216.

86. The Defendants have wrongfully retained tips, which should not be property of the employer.

87. The Defendants also violate the law by allowing Kitchen Staff, expediters and other non-tipped employees to keep tips from the tip pool.

88. Further, Defendants have not complied with its obligation to inform its employees that it was taking a tip credit against them and give them proper notice regarding the same.

89. Because of the Defendants' failure to comply with the law on tip credits it has lost its ability to claim a tip credit and the Class is entitled to the full cash minimum wage plus those unlawfully retained and/or distributed tips.

90. This claim is brought on behalf of a class of similarly situated individuals, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### Failure to Pay Florida Minimum Wage
### Article X Section 24, Florida Constitution

91. Plaintiffs re-allege and incorporate paragraphs one (1) through eighty-three (83) *supra*, as if fully set out herein.

92. The Defendants' conduct in failing to pay all of its employees the appropriate minimum wage and inappropriate claiming of the "tip credit," as set forth above, violates Article X, Section 24(c), Florida Constitution and FLSA, 29 U.S.C. § 201, et seq. and particularly § 206 and §216 as incorporated pursuant to Art. X § 24(b).

93. The Defendants have wrongfully retained tips, which should not be property of the employer.

94. The Defendants also violate the law by allowing Kitchen Staff, expediters and other non-tipped employees to keep tips from the tip pool.

95. Further, Defendants have not complied with its obligation to inform its employees that it was taking a tip credit against them and give them proper notice regarding the same.

96. Because of the Defendants' failure to comply with the law on tip credits it has lost its ability to claim a tip credit and the Class is entitled to the full cash minimum wage plus those unlawfully retained and/or distributed tips.

97. This claim is brought on behalf of a class of similarly situated individuals, pursuant to Fla. R. Civ. P. Rule 1.220 and Fed. R. Civ. P. Rule 23.

## COUNT III
## Violation of Florida Private Whistleblower Protection Act (§448.102)
## (On Behalf of Keating and Crowling against Saltwater Cowboys and Creekside Dinery)

98. Plaintiffs Keating and Crowling readopt and re-allege paragraphs one (1) through eighty-three (83) *supra*, as if fully set out herein.

99. Plaintiffs Keating, Crowling and Farinos were employed by Defendants as servers in Saltwater Cowboys and Creekside Dinery.

100. On December 4, 2012, Keating and Crowling engaged in protected speech by joining this litigation through the opt-in consent pleadings filed with this court. (Dkt. 3, Exhibits B and C)

101. On January 17, Keating and Crowling were singled out in a staff meeting threatening retaliation against employees who joined or threatened to join this litigation.

102. Thereafter, Crowling was immediately given two pretextual disciplinary actions, threatened with criminal prosecution and terminated.

103. Keating was given a pretextual disciplinary action after the meeting, and has been subjected to harassment during each subsequent shift.

104. Keating and Crowling were subjected to retaliatory personnel action because of and in retaliation for their protected speech (participating in the instant action) and objecting to Defendants' violation of the FLSA.

105. Defendants' unlawful conduct has caused and continues to cause, and will cause Keating and Crowling to suffer substantial damages and is in violation of Fla. Stat. 448.102(2) and(3).

WHEREFORE, Plaintiffs, Keating and Crowling demand judgment against Defendants

Saltwater Cowboys and Creekside Dinery for economic damages including but not limited to back pay, front pay, loss of employment benefits from the date of the retaliatory activity plus interest as allowed by law until paid in full. Keating and Crowling also seek compensatory damages in an amount to be determined at trial in this matter as allowable under Fla. Stat. 448.103; including but not limited to payment of reasonable attorneys' fees, including litigation expenses and costs; and any other relief as the Court deems just and proper

## COUNT IV
### Violation of FLSA's Anti-Retaliation Prosivion (§215(a)(3))
### (On Behalf of Keating and Crowling against all Defendants)

106. Plaintiffs Keating and Crowling readopt and re-allege paragraphs one (1) through eighty-three (83) *supra*, as if fully set out herein.

107. Plaintiffs Keating, Crowling and Farinos were employed by Defendants as servers in Saltwater Cowboys and Creekside Dinery.

108. On December 4, 2012, Keating and Crowling engaged in protected speech by joining this litigation through the opt-in consent pleadings filed with this court. (Dkt. 3, Exhibits B and C)

109. On January 17, Keating and Crowling were singled out in a staff meeting threatening retaliation against employees who joined or threatened to join this litigation.

110. Thereafter, Crowling was immediately given two pretextual disciplinary actions, threatened with criminal prosecution and terminated.

111. Keating was given a pretextual disciplinary action after the meeting, and has been subjected to harassment during each subsequent shift.

112. Keating and Crowling were subjected to prohibited discriminatory personnel action because of and in retaliation for their protected speech (participating in the instant

action) and objecting to Defendants' violation of the FLSA.

113. Defendants' unlawful conduct has caused and continues to cause, and will cause Keating and Crowling to suffer substantial damages and is in violation of 29 U.S.C. 215(a)(3).

WHEREFORE, Plaintiffs, Keating and Crowling demand judgment against all Defendants for economic damages including but not limited to back pay, liquidated damages loss of employment benefits from the date of the retaliatory activity plus interest as allowed by law until paid in full. Keating and Crowling also seek payment of reasonable attorneys' fees, including litigation expenses and costs pursuant to 29 USC 216(b) and any other relief as the Court deems just and proper.

### PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully requests that the Court enter an order:

a. Certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims set forth in Count II;

b. Declaring that Defendants violated the FLSA as set forth in Count I;

c. Declare that Saltwater Cowboys and Creekside Dinery violated Florida's Private Whistleblower Act pursuant to Fla. Stat. §448.102 as set forth in Count III;

d. Declare that Defendants violated the Anti-Retaliation Provisions of the FLSA as set forth in Count IV;

e. Grant judgment in favor of Plaintiffs and against Defendants on the Plaintiffs' FLSA claims as set forth in Count I, and awarding each of them the amount of his unpaid minimum wages; the amount of tips unlawfully withheld from Plaintiffs and an equal amount as liquidated damages;

f. Grant judgment in favor of the Plaintiffs and other members of the class and

against Defendants on their claims under the minimum wage provisions of the Florida Constitution as set forth in Count II and awarding Plaintiffs and each other member of the class the amount of his unpaid wages, along with an equal amount as liquidated damages;

g. Grant judgment in favor of Plaintiffs Keating and Cowling damages set forth in Count III, and awarding them back wages, front pay, compensatory damages, prejudgment interest, and other relief pursuant to Fla. Stat. 448§103;

h. Grant judgment in favor of Plaintiffs Keating and Cowling damages set forth in Count IV, and awarding them back wages, liquidated damages prejudgment interest, and other relief pursuant to 29 U.S.C. 215 *et. seq.*

i. Awarding Plaintiffs a reasonable attorneys' fee pursuant to 29 U.,S.C. §216(b) and Fla. Stat. §448.104;

j. Awarding Plaintiffs the costs of this action AND

k. Granting such further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by this Complaint.

Dated this 25th day of March, 2013

/s/ Benjamin L. Williams
BENJAMIN L. WILLIAMS, ESQ.
Florida Bar No. 0030657
FELDMAN, MORGADO PA
10151 Deerwood Park Blvd,
Bldg 200, Suite 250
Jacksonville, FL 32256
904-240-4300 Phone
904-800-1188 Fax
Email: bwilliams@ffmlawgroup.com

Trial Counsel and Attorneys for the Representative Plaintiffs., and the Putative Classes

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the Plaintiff's Amended Complaint has been served this 25th day of March, 2013, with the Clerk of the court by using the CM/ECF system, which will send a Notice of Electric Filing to all counsel of record.

/s/Benjamin L. Williams