**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DAVID KUBIAK, JASON CROWLING and
JOSEPH KEATING, Individually, and on
Behalf of All Other Similarly Situated
Employees,

           Plaintiffs,

vs.                                            Case No. 3:12-cv-1306-J-34JRK

S.W. COWBOY, INC., A Florida Corporation
d/b/a Saltwater Cowboys, et al.,

           Defendants.
_____/

**AMENDED ORDER[1]**

This cause is before the Court on three matters. First, on November 1, 2013, Plaintiffs filed a Motion to Compel Defendants, S.W. Cowboy, Inc. and Creekside Dinery Inc. to Permit the Inspection of Documents and Things or in the Alternative to Produce Documents Responsive to Plaintiffs' First Request to Produce (Doc. No. 76; "Motion to Compel"), to which Defendants responded in opposition on November 18, 2013, see Defendants' Response in Opposition to Plaintiffs' Motion to Compel (Doc. No. 80; "Response to Motion to Compel"). The undersigned entered an Order (Doc. No. 82) on November 21, 2013, taking the Motion to Compel under advisement and setting a hearing on the Motion to Compel for December 5, 2013. Second, on November 29, 2013, Plaintiffs filed a Motion to Enlarge Number of Depositions Pursuant to Rule 30(a)(2)(A) and to Enlarge Discovery Deadlines (Doc. No. 84; "Motion to Enlarge Number of Depositions"). The Motion to Enlarge Number of Depositions

---

[1] This Amended Order is entered solely to correct certain dates in the Order (Doc. No. 89) entered December 6, 2013.

was taken under advisement on December 2, 2013, and the parties were advised that the undersigned would hear argument on that Motion at the December 5, 2013 hearing. See Order (Doc. No. 85). Defendants were further advised that they could file a written response prior to the hearing or orally respond at the hearing. Id. During the December 5, 2013 hearing, Plaintiffs raised the third matter. Plaintiffs made an Ore Tenus Motion to Extend the Discovery Deadline (Doc. No. 88), and counsel for both sides made argument regarding these discovery matters. See Minute Entry (Doc. No. 87).[2] In the interest of time, this Order does not memorialize all the arguments made in the Motions or at the hearing. Rather, the undersigned's findings are set forth below.

### Motion to Compel

Plaintiffs shall have no more than five (5) eight-hour days to complete the inspection and copying of the requested documents. The inspection and copying of the documents shall be completed by **December 18, 2013**. The parties shall confer in good faith to schedule the inspection, and they shall work together in good faith to complete the inspection as expeditiously as possible.

Defendants' counsel desires to be present during the inspection so as to conduct a privilege review of the documents prior to Plaintiffs copying the documents. Defendants seek to do the privilege review simultaneous with the inspection, rather than prior to the inspection, due in part to the large number of documents and the "broad scope" of the inspection. Defendants cannot shift the cost of its privilege review to Plaintiffs. Accordingly, the undersigned finds it reasonable for each party to bear its own costs in relation to the

---

[2] The record of the December 5, 2013 hearing is incorporated herein.

inspection and copying of documents. See Williams v. Taser Int'l, Inc., No. 1:06-cv-0051-RWS, 2006 WL 1835437, at *6 (N.D. Ga. June 30, 2006) (citations omitted) (unpublished) (finding that the requesting party must pay the costs associated with copying the requested documents and that the responding party must bear its own expense in complying with the discovery requests; collecting cases finding the same).

### Motion to Enlarge Number of Depositions

While the Court is disappointed in the timing of the filing of the Motion to Enlarge Number of Depositions, the Court finds Plaintiffs have made "a 'particularized showing of why the additional depositions are necessary.'" Baker County Med. Servs., Inc. v. Summit Smith, LLC, No. 3:05-cv-541-J-33HTS, 2007 WL 114000, at *1 (M.D. Fla. Jan. 10, 2007) (unpublished) (quoting Bituminous Fire and Marine Ins. Corp. v. Dawson Land Dev. Co., No. 3:02-CV-793-J-21TEM, 2003 WL 22012201, at *1 (M.D. Fla. Feb. 13, 2003) (unpublished)). The Court further finds Defendants' proposed resolution to be reasonable. Therefore, Plaintiffs shall choose three (3) persons from the list of sixteen (16) current and former servers to depose (see Motion to Enlarge Number of Depositions at 2). The depositions are limited to questioning relating to the voluntary or non-voluntary nature of the "tip pool" prior to December 2012-January 2013. These three (3) depositions shall be completed by **January 10, 2014**.

If, after conducting the three limited depositions, Plaintiffs believe it necessary to depose the remaining thirteen (13) former and current servers, the parties shall confer in good faith in an attempt to avoid further Court intervention. If the parties cannot agree on whether more depositions are necessary, Plaintiffs shall file a motion detailing why they believe the

additional thirteen (13) depositions to be necessary no later than **January 13, 2014**, with Defendants' response being due no later than **January 17, 2014**.

### Ore Tenus Motion to Complete Discovery

In light of the Court's findings with respect to the above Motions, the discovery period is extended to **January 10, 2014, solely for the purposes stated herein**. The Court expects strict adherence to the stated deadlines. Should the parties be unable to agree to more depositions if necessary and if a motion is filed, the Court will consider a further extension of the discovery period at that time.

After due consideration, it is

**ORDERED**:

1. Plaintiffs' Motion to Compel Defendants, S.W. Cowboy, Inc. and Creekside Dinery Inc. to Permit the Inspection of Documents and Things or in the Alternative to Produce Documents Responsive to Plaintiffs' First Request to Produce (Doc. No. 76) is **GRANTED to the extent stated herein and otherwise DENIED**.

2. Plaintiffs' Motion to Enlarge Number of Depositions Pursuant to Rule 30(a)(2)(A) and to Enlarge Discovery Deadlines (Doc. No. 84) is **GRANTED to the extent stated herein and otherwise DENIED without prejudice**.

3. Plaintiffs' Ore Tenus Motion to Extend Discovery Deadline (Doc. No. 88) is **GRANTED to the extent stated herein**.

**DONE AND ORDERED** at Jacksonville, Florida on December 9, 2013.

*/s/ James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

-4-

jlk
Copies to:
Counsel of Record