UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED IN OPEN COURT

3-17-16

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

DAVID KUBIAK et al.,

    Plaintiffs,

v.

S.W. COWBOY, INC., a Florida
Corporation, d/b/a Saltwater
Cowboys, et al.,

    Defendants.

No. 3:12-cv-1306-J-34JRK

_____/

## VERDICT

    We, the jury, return the following verdict:

**I.   As to Plaintiff David Kubiak:**

A.    Did S.W. Cowboy, Inc., prove by a preponderance of the evidence that, when Plaintiff David Kubiak worked as a server, he contributed to the kitchen tip pool voluntarily, that is, free from force or coercion by or attributable to S.W. Cowboy, Inc.?

      _____ YES          __X__ NO

[If your answer to Question I.A is Yes, your verdict as to Plaintiff David Kubiak is for the Defendants, and you may proceed immediately to Part II without answering any further questions as to him.]

B.     If your answer to Question I.A is No, do you find by a preponderance of the evidence that S.W. Cowboy, Inc., either knew, or showed reckless disregard for whether, the FLSA and FMWA prohibited that conduct?

_____X__ YES                    _____ NO

[If your answer to Question I.B is Yes, do not answer Question I.C. Instead, proceed to Question I.D.]

C.     If your answer to Question I.B is No, how many total hours did Plaintiff David Kubiak work as a server between November 30, 2008, and February 1, 2013? _____

     Multiply the number listed in Question I.C by $3.02: _____

[If you answered Question I.C, do not answer Question I.D. Instead, proceed to Question I.E.]

D.     If your answer to Question I.B is Yes, how many total hours did Plaintiff David Kubiak work as a server between November 30, 2007, and February 1, 2013? 3007

     Multiply the number listed in Question I.D by $3.02: $9,081.14

E.    If your answer to Question I.A is No, do you find by a preponderance of the evidence that any of the individual owners qualified under the applicable law as Plaintiff David Kubiak's employer? (check all that apply)

_____X_____ Peter Lawlor

_____X_____ Scott Singleton

_____X_____ William White

_____X_____ Terry Richardson

_____X_____ Rochelle Drouillard

_____X_____ Judy Adams-Smith

## II.    As to Plaintiff Jason Crowling:

A.    Did S.W. Cowboy, Inc., prove by a preponderance of the evidence that, when Plaintiff Jason Crowling worked as a server, he contributed to the kitchen tip pool voluntarily, that is, free from force or coercion by or attributable to S.W. Cowboy, Inc.?

_____ YES              ___X___ NO

[If your answer to Question II.A is Yes, your verdict as to Plaintiff Jason Crowling is for the Defendants, and you may proceed immediately to Part III without answering any further questions as to him.]

3

B.    If your answer to Question II.A is No, do you find by a preponderance of the evidence that S.W. Cowboy, Inc., either knew, or showed reckless disregard for whether, the FLSA and FMWA prohibited that conduct?

    \_\_X\_\_ YES            _____ NO

[If your answer to Question II.B is Yes, do not answer Question II.C. Instead, proceed to Question II.D.]

C.    If your answer to Question II.B is No, how many total hours did Plaintiff Jason Crowling work as a server between November 30, 2008, and February 1, 2013? _____

    Multiply the number listed in Question II.C by $3.02: _____

[If you answered Question II.C, do not answer Question II.D. Instead, proceed to Question II.E.]

D.    If your answer to Question II.B is Yes, how many total hours did Plaintiff Jason Crowling work as a server between November 30, 2007, and February 1, 2013? 3934:11

    Multiply the number listed in Question II.D by $3.02: $ 11,881.01

4

E.     If your answer to Question II.A is No, do you find by a preponderance of the evidence that any of the individual owners qualified under the applicable law as Plaintiff Jason Crowling's employer? (check all that apply)

_____X_____ Peter Lawlor

_____X_____ Scott Singleton

_____X_____ William White

_____X_____ Terry Richardson

_____X_____ Rochelle Drouillard

_____X_____ Judy Adams-Smith

## III.     As to Plaintiff Joseph Keating:

A.     Did S.W. Cowboy, Inc., prove by a preponderance of the evidence that, when Plaintiff Joseph Keating worked as a server, he contributed to the kitchen tip pool voluntarily, that is, free from force or coercion by or attributable to S.W. Cowboy, Inc.?

_____ YES                    ___X___ NO

[If your answer to Question III.A is Yes, your verdict as to Plaintiff Joseph Keating is for the Defendants, and you may proceed immediately to Part IV without answering any further questions as to him.]

B.     If your answer to Question III.A is No, do you find by a preponderance of the evidence that S.W. Cowboy, Inc., either knew, or showed reckless disregard for whether, the FLSA and FMWA prohibited that conduct?

    __X__ YES                    _____ NO

[If your answer to Question III.B is Yes, do not answer Question III.C. Instead, proceed to Question III.D.]

C.     If your answer to Question III.B is No, how many total hours did Plaintiff Joseph Keating work as a server between November 30, 2008, and February 1, 2013? _____

    Multiply the number listed in Question III.C by $3.02: _____

[If you answered Question III.C, do not answer Question III.D. Instead, proceed to Question III.E.]

D.     If your answer to Question III.B is Yes, how many total hours did Plaintiff Joseph Keating work as a server between November 30, 2007, and February 1, 2013? _2473:07_

    Multiply the number listed in Question III.D by $3.02: _$7,468.67_

6

E.     If your answer to Question III.A is No, do you find by a preponderance of the evidence that any of the individual owners qualified under the applicable law as Plaintiff Joseph Keating's employer? (check all that apply)

_X_ Peter Lawlor

_X_ Scott Singleton

_X_ William White

_X_ Terry Richardson

_X_ Rochelle Drouillard

_X_ Judy Adams-Smith

## IV.    As to Plaintiff Steven Patterson:

A.     Did S.W. Cowboy, Inc., prove by a preponderance of the evidence that, when Plaintiff Steven Patterson worked as a server, he contributed to the kitchen tip pool voluntarily, that is, free from force or coercion by or attributable to S.W. Cowboy, Inc.?

_____ YES          _X_ NO

[If your answer to Question IV.A is Yes, your verdict as to Plaintiff Steven Patterson is for the Defendants, and you may proceed immediately to Part V without answering any further questions as to him.]

B.    If your answer to Question IV.A is No, do you find by a preponderance of the evidence that S.W. Cowboy, Inc., either knew, or showed reckless disregard for whether, the FLSA and FMWA prohibited that conduct?

                    X   YES                        _____ NO

[If your answer to Question IV.B is Yes, do not answer Question IV.C. Instead, proceed to Question IV.D.]

C.    If your answer to Question IV.B is No, how many total hours did Plaintiff Steven Patterson work as a server between November 30, 2008, and February 1, 2013? _____

      Multiply the number listed in Question IV.C by $3.02: _____

[If you answered Question IV.C, do not answer Question IV.D. Instead, proceed to Question IV.E.]

D.    If your answer to Question IV.B is Yes, how many total hours did Plaintiff Steven Patterson work as a server between November 30, 2007, and February 1, 2013? 3856:55

      Multiply the number listed in Question IV.D by $3.02: $11,646.78

8

E.     If your answer to Question IV.A is No, do you find by a preponderance of the evidence that any of the individual owners qualified under the applicable law as Plaintiff Steven Patterson's employer? (check all that apply)



_✗_ Peter Lawlor

_✗_ Scott Singleton

_✗_ William White

_✗_ Terry Richardson

_✗_ Rochelle Drouillard

_✗_ Judy Adams-Smith

## V.     As to Plaintiff Matthew Dillon:

A.     Did S.W. Cowboy, Inc., prove by a preponderance of the evidence that, when Plaintiff Matthew Dillon worked as a server, he contributed to the kitchen tip pool voluntarily, that is, free from force or coercion by or attributable to S.W. Cowboy, Inc.?

_____ YES                    _✗_ NO

[If your answer to Question V.A is Yes, your verdict as to Plaintiff Matthew Dillon is for the Defendants, and you may proceed immediately to Part VI without answering any further questions as to him.]

9

B.     If your answer to Question V.A is No, do you find by a preponderance of the evidence that S.W. Cowboy, Inc., either knew, or showed reckless disregard for whether, the FLSA and FMWA prohibited that conduct?

__X__ YES                    _____ NO

[If your answer to Question V.B is Yes, do not answer Question V.C. Instead, proceed to Question V.D.]

C.     If your answer to Question V.B is No, how many total hours did Plaintiff Matthew Dillon work as a server between November 30, 2008, and February 1, 2013? _____

   Multiply the number listed in Question V.C by $3.02: _____

[If you answered Question V.C, do not answer Question V.D. Instead, proceed to Question V.E.]

D.     If your answer to Question V.B is Yes, how many total hours did Plaintiff Matthew Dillon work as a server between November 30, 2007, and February 1, 2013? 3984:53

   Multiply the number listed in Question V.D by $3.02: $12,033.28

E.     If your answer to Question V.A is No, do you find by a preponderance of the evidence that any of the individual owners qualified under the applicable law as Plaintiff Matthew Dillon's employer? (check all that apply)

   _____✕_____ Peter Lawlor

   _____✕_____ Scott Singleton

   _____✕_____ William White

   _____✕_____ Terry Richardson

   _____✕_____ Rochelle Drouillard

   _____✕_____ Judy Adams-Smith

**VI.   As to Plaintiff William Jeffrey Little:**

A.     Did S.W. Cowboy, Inc., prove by a preponderance of the evidence that, when Plaintiff William Jeffrey Little worked as a server, he contributed to the kitchen tip pool voluntarily, that is, free from force or coercion by or attributable to S.W. Cowboy, Inc.?

   _____ YES                    ___✕___ NO

[If your answer to Question VI.A is Yes, your verdict as to Plaintiff William Jeffrey Little is for the Defendants, and you may proceed immediately to Part VII without answering any further questions as to him.]

B.     If your answer to Question VI.A is No, do you find by a preponderance of the evidence that S.W. Cowboy, Inc., either knew, or showed reckless disregard for whether, the FLSA and FMWA prohibited that conduct?

     X    YES           _____ NO

[If your answer to Question VI.B is Yes, do not answer Question VI.C. Instead, proceed to Question VI.D.]

C.     If your answer to Question VI.B is No, how many total hours did Plaintiff William Jeffrey Little work as a server between November 30, 2008, and February 1, 2013? _____

     Multiply the number listed in Question VI.C by \$3.02: _____

[If you answered Question VI.C, do not answer Question VI.D. Instead, proceed to Question VI.E.]

D.     If your answer to Question VI.B is Yes, how many total hours did Plaintiff William Jeffrey Little work as a server between November 30, 2007, and February 1, 2013? 2833:37

     Multiply the number listed in Question VI.D by \$3.02: \$8,556.78

12

E.     If your answer to Question VI.A is No, do you find by a preponderance of the evidence that any of the individual owners qualified under the applicable law as Plaintiff William Jeffrey Little's employer? (check all that apply)

_____X_____ Peter Lawlor

_____X_____ Scott Singleton

_____X_____ William White

_____X_____ Terry Richardson

_____X_____ Rochelle Drouillard

_____X_____ Judy Adams-Smith

## VII.   As to Plaintiff Jose Farinos:

A.     Did S.W. Cowboy, Inc., prove by a preponderance of the evidence that, when Plaintiff Jose Farinos worked as a server, he contributed to the kitchen tip pool voluntarily, that is, free from force or coercion by or attributable to S.W. Cowboy, Inc.?

_____ YES                    __X__ NO

[If your answer to Question VII.A is Yes, your verdict as to Plaintiff Jose Farinos is for the Defendants, and you may proceed immediately to Part VIII without answering any further questions as to him.]

B.    If your answer to Question VII.A is No, do you find by a preponderance of the evidence that S.W. Cowboy, Inc., either knew, or showed reckless disregard for whether, the FLSA and FMWA prohibited that conduct?

____X____ YES                    _____ NO

[If your answer to Question VII.B is Yes, do not answer Question VII.C. Instead, proceed to Question VII.D.]

C.    If your answer to Question VII.B is No, how many total hours did Plaintiff Jose Farinos work as a server between November 30, 2008, and February 1, 2013? _____

     Multiply the number listed in Question VII.C by $3.02: _____

[If you answered Question VII.C, do not answer Question VII.D. Instead, proceed to Question VII.E.]

D.    If your answer to Question VII.B is Yes, how many total hours did Plaintiff Jose Farinos work as a server between November 30, 2007, and February 1, 2013? _2494:08_

     Multiply the number listed in Question VII.D by $3.02: _$7,532.12_

E.   If your answer to Question VII.A is No, do you find by a preponderance of the evidence that any of the individual owners qualified under the applicable law as Plaintiff Jose Farinos's employer? (check all that apply)

_____✕_____ Peter Lawlor

_____✕_____ Scott Singleton

_____✕_____ William White

_____✕_____ Terry Richardson

_____✕_____ Rochelle Drouillard

_____✕_____ Judy Adams-Smith

## VIII.   As to Plaintiff Richard Harvey:

A.   Did S.W. Cowboy, Inc., prove by a preponderance of the evidence that, when Plaintiff Richard Harvey worked as a server, he contributed to the kitchen tip pool voluntarily, that is, free from force or coercion by or attributable to S.W. Cowboy, Inc.?

_____ YES                    ___✕___ NO

[If your answer to Question VIII.A is Yes, your verdict as to Plaintiff Richard Harvey is for the Defendants, and you need not answer any further questions as to him.]

B.    If your answer to Question VIII.A is No, do you find by a preponderance of the evidence that S.W. Cowboy, Inc., either knew, or showed reckless disregard for whether, the FLSA and FMWA prohibited that conduct?

     __X__ YES                    _____ NO

[If your answer to Question VIII.B is Yes, do not answer Question VIII.C. Instead, proceed to Question VIII.D.]

C.    If your answer to Question VIII.B is No, how many total hours did Plaintiff Richard Harvey work as a server between November 30, 2008, and February 1, 2013? _____

     Multiply the number listed in Question VIII.C by $3.02: _____

[If you answered Question VIII.C, do not answer Question VIII.D. Instead, proceed to Question VIII.E.]

D.    If your answer to Question VIII.B is Yes, how many total hours did Plaintiff Richard Harvey work as a server between November 30, 2007, and February 1, 2013? 1375:31

     Multiply the number listed in Question VIII.D by $3.02: $4,153.44

E.    If your answer to Question VIII.A is No, do you find by a preponderance of the evidence that any of the individual owners qualified under the applicable law as Plaintiff Richard Harvey's employer? (check all that apply)

___X___  Peter Lawlor

___X___  Scott Singleton

___X___  William White

___X___  Terry Richardson

___X___  Rochelle Drouillard

___X___  Judy Adams-Smith


**SO SAY WE ALL**, this __17__ day of March, 2016.


_____
                              FOREPERSON