**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DAVID KUBIAK et al.,

                Plaintiffs,

v.                                    Case No. 3:12-cv-1306-J-34JRK

S.W. COWBOY, INC., a Florida
Corporation, d/b/a Saltwater
Cowboys, et al.,

                Defendants.

_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendants' Motion to Determine Defendants'
Prevailing Party Status and to Award Attorneys' Fees and Tax Costs (Doc. No. 253;
Motion), filed on April 18, 2016.  Plaintiffs David Kubiak, Jason Crowling, Joseph Keating,
Steven Patterson, Matthew Dillon, William Jeffrey Little, Jose Farinos, and Richard
Harvey (collectively, the Judgment Plaintiffs[1]) oppose the Motion.  See Plaintiffs'
Opposition to Defendants' Motion to Award Attorneys' Fees and Tax Costs (Doc. No. 261;
Response).  With leave of Court, Defendants filed a reply on May 31, 2016, see
Defendants' Reply in Support of Motion to Determine Defendants' Prevailing Party Status
and to Award Attorneys' Fees and Tax Costs (Doc. No. 265; Reply), and the Judgment
Plaintiffs filed a sur-reply on June 14, 2016, see Plaintiffs' Sur-Reply to Defendants' Reply
in Support of Motion to Determine Defendants' Prevailing Party Status and to Award

---

[1]     As will be discussed more fully later in this Order, this term refers solely to those individual named
plaintiffs who prevailed on one or more of the claims brought in this action.

Attorneys' Fees and Tax Costs (Doc No. 266; Sur-Reply).[2]  Accordingly, this matter is ripe for review.

## I.     Procedural Background

This Motion arises out of an action for unpaid wages brought by a number of employees against their former employer, Saltwater Cowboys[3], and its owners, Peter Lawlor, Scott Singleton, William White, Terry Richardson, Rochelle Drouillard, and Judy Adams-Smith.  See generally Complaint and Demand for Jury Trial (Doc. No. 1; Complaint). Kubiak filed the original Complaint in this case on November 30, 2012. See id. Between December 2012 and October 2013, Crowling, Keating, Patterson, Dillon, Little, Farinos, Harvey, and Michael Hoolahan filed notices of consent to join the lawsuit as opt-in plaintiffs.  See Doc. Nos. 3-2, 3-3, 3-4, 6-1, 12-1, 16-1, 57-1, 74-1.  Then, on November 15, 2013, with consent of Defendants, see Doc. No. 77 at 10, and on behalf of themselves and all other similarly situated employees, Kubiak, Crowling, and Keating filed their third amended complaint, see generally Third Amended Complaint and Demand for Jury Trial (Doc. No. 79; Third Amended Complaint).  In the Third Amended Complaint, Kubiak, Crowling, and Keating also asserted claims against Creekside Dinery, Inc. (Creekside), and its named individual owners[4], under the theory that "Defendants, by way

---

[2]      The Court notes that in the Sur-Reply, the Judgment Plaintiffs request an award of the attorneys' fees and costs expended in responding to Defendants' Motion.  See Sur-Reply at 9-10.  Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure (Rule(s)), it is not appropriate to seek an order for affirmative relief in a response to a motion.  See Rule 7(b) ("A request for a court order must be made by motion.").  Thus, the Court will not consider this request.

[3]      "Saltwater Cowboys" is the trade name under which Defendant S.W. Cowboy, Inc. operates. See Deposition of Corporate Representative of S.W. Cowboy, Inc. (Doc. No. 110) at 11.

[4]      Saltwater Cowboys and Creekside (together, the Restaurant Defendants) are owned by the same individuals, all of whom are named defendants in this action.  Although it will be necessary at times in this Order to refer to certain defendants individually, the Court will refer to the defendants collectively as Defendants.

of common ownership, unified operation and common employment practices, operate[d] a common enterprise consisting mainly of Saltwater Cowboys and Creekside Dinery," and that servers worked shifts at both restaurants.  Id. ¶ 70.

This heavily litigated action has a well-documented history, and the full factual and procedural background is set forth in other orders.  See Order granting, in part, and denying, in part, Defendants' Motion for Summary Judgment and denying Plaintiffs' Motion for Summary Judgment (Doc. No. 206; Summary Judgment Order); Order denying Defendants' Rule 59(a) Motion for New Trial (Doc. No. 267).  As such, the Court will not repeat much of that history here.  Instead, for purposes of resolving the instant Motion, the Court focuses on the claims asserted in this action and the outcome of each such claim.

In the Third Amended Complaint, Kubiak, Crowling, and Keating – acting on behalf of themselves and all other similarly situated employees – asserted six claims against all Defendants.  See generally Third Amended Complaint.  Specifically, they asserted claims against all Defendants for: (1) failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. (FLSA) (Counts I, II, and III); and (2) failure to pay Florida's minimum wage in violation of article X, section 24 of the Florida Constitution, as well as its implementing statute, the Florida Minimum Wage Act, Florida Statutes section 448.110 (FMWA) (Counts IV, V, and VI).  See id. at 15-20.  For these claims, Kubiak, Crowling, and Keating sought to pursue relief on a class-wide and collective action basis.  See generally Third Amended Complaint.  Additionally, Keating and Crowling advanced individual claims against the Restaurant Defendants for violations of the Florida Private Whistleblower Protection Act, Florida Statutes section 448.102

(FPWA) (Count VII)[5], and against all Defendants for violations of FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3) (Count VIII).  See id. at 20-22.  On December 4, 2013, Defendants answered the Third Amended Complaint.  See Defendant's Answer and Affirmative Defenses to Plaintiffs' Third Amended Complaint (Doc. No. 86).

Subsequently, on January 31, 2014, Kubiak, Crowling, and Keating filed an amended motion seeking declaration of this matter as a 'hybrid' class action.[6]  See Plaintiffs' Amended and Restated Motion for Declaration of a Class Action as to Minimum Wage Claims pursuant to Rule 23(B)(3); Motion to Conditionally Certify a Collective Action pursuant to 29 U.S.C. § 216(B) and Motion for Equitable Tolling of the Statute of Limitations (Doc. No. 98; Amended Certification Motion) at 21.  In doing so, Kubiak, Crowling, and Keating sought certification of their FMWA claims under Rule 23 as a traditional class action, as well as conditional certification of their FLSA claims as a collective action under 29 U.S.C. § 216(b).  See id. at 19-31.  As to both types of claims, Kubiak, Crowling, and Keating requested recognition of a class of plaintiffs comprised of current and former employees of both Saltwater Cowboys and Creekside who were subject to the unlawful tip-pooling policy which resulted in their unpaid wages claims.  See id. at 2.  On June 12, 2014, the Court granted the Amended Certification Motion in part and certified the matter as a Rule 23 class action with respect to the FMWA claim in Count VI only.  See Order granting, in part, and denying, in part, Plaintiffs' Amended and Restated Motion for Declaration of a Class Action as to Minimum Wage Claims Pursuant

---

[5]    Although Count VII is brought against the Restaurant Defendants only, for ease of reference, the Court will occasionally refer to Defendants collectively when discussing this claim along with others.

[6]    The Court denied as moot Kubiak, Crowling, and Keating's initial Motion to Certify Class (Doc. No. 52) as a result of their filing of the Third Amended Complaint.  See Clerk's Minutes of Telephonic Status Conference held on Dec. 12, 2013 (Doc. No. 91).

to Rule 23(B)(3) (Doc. No. 123).  Although the Court denied the Amended Certification Motion to the extent that it sought certification of a collective action as to the FLSA claims in Counts I-III and a class action as to the FMWA claims other than Count VI, the Court permitted the opt-in plaintiffs (Patterson, Dillon, Little, Farinos, Harvey, and Hoolahan) to be added as named plaintiffs[7] to pursue their claims.  See id. at 27, 47.

On October 30, 2015, the Named Plaintiffs and Defendants filed cross-motions for summary judgment.  See Defendants' Motion for Summary Judgment (Doc. No. 165; Defendants' Summary Judgment Motion); Plaintiffs' Motion for Summary Judgment (Doc. No. 167; Plaintiffs' Summary Judgment Motion).  Defendants sought entry of summary judgment as to all claims raised in the Third Amended Complaint, see generally Defendants' Summary Judgment Motion, while the Named Plaintiffs sought entry of partial summary judgment with respect to the class-wide FMWA claims in Count VI only, see Plaintiffs' Summary Judgment Motion at 1.  Upon consideration and review of the record, the Court granted summary judgment in favor of all Defendants and against the Named Plaintiffs with respect to the FLSA claims in Count III and the class-wide FMWA claims in Count VI, in favor of all Defendants and against Keating and Crowling for the FLSA-retaliation claims in Count VIII, and in favor of the Restaurant Defendants and against Keating and Crowling as to the FPWA claims in Count VII of the Third Amended Complaint.  See Summary Judgment Order at 48.  On March 14, 2016, the case proceeded to trial on the remaining FLSA claims in Counts I and II, as well as the remaining FMWA claims in Counts IV and V.  See Motion at 4-5.

---

[7]     The opt-in plaintiffs, together with Kubiak, Crowling, and Keating, will henceforth be collectively referred to as the Named Plaintiffs.  Note, however, that the Named Plaintiffs are different from the Judgment Plaintiffs in that the latter group does not include Hoolahan.

During trial, but prior to the jury verdict, Defendants moved for judgment as a matter of law on the claims of all Named Plaintiffs against Creekside, see Oral Motion for Judgment as a Matter of Law (Doc. No. 224), and on all of Hoolahan's claims against all Defendants, see Oral Motion for Judgment as a Matter of Law (Doc. Nos. 221, 223).  The Court granted Defendants' motion with respect to Creekside, see Clerk's Minutes of Jury Trial held on March 15, 2016, because the Named Plaintiffs failed to present any claims against it.[8]  The Court later granted Defendants' motion with respect to Hoolahan, see Clerk's Minutes of Jury Trial held on March 16, 2016, because Hoolahan failed to present any evidence in support of his claims at trial.  At the conclusion of the trial, the jury found in favor of the Judgment Plaintiffs and against Saltwater Cowboys and its individual owners on all remaining claims.  See Jury Verdict (Doc. No. 238).  On March 25, 2016, the Clerk entered final judgment in this action, reflecting the aforementioned disposition of each claim raised in the Third Amended Complaint.  See Judgment in a Civil Case (Doc. No. 246; Final Judgment).

Thereafter, the Judgment Plaintiffs timely filed a motion seeking an award of attorneys' fees and costs, see Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. No. 248; Plaintiffs' Fee Motion), while Defendants sought an extension of time to do the same, see Defendants' Opposed Motion for Extension of Time to File Application for Fees and Costs and Other Relief (Doc. No. 247).  Although the Court gave Defendants until April 15, 2016, to file their application for fees and costs, they failed to do so and instead moved for a second extension in the early morning hours of April 16.  See Defendants' Second

---

[8]     Indeed, the Named Plaintiffs conceded that they could no longer maintain a claim against Creekside because all of their work hours were recorded by Saltwater Cowboys, meaning there was no time for which they could recover damages recorded as being spent at Creekside.

Motion for Extension of Time to File Application for Fees and Costs (Doc. No. 250; Second Extension Motion).  After receiving a second extension of time[9], Defendants filed the instant Motion, prompting the briefings outlined above.  See supra at 1-2.  On December 8, 2016, the Court entered an order "defer[ring] any consideration of the amount of an appropriate attorneys' fees and costs award until such time as the Court has resolved the pending issue of entitlement."[10]  Order (Doc. No. 268) at 1.  With this procedural background, the Court now turns to the merits of the pending Motion.

## II.  Discussion

As a preliminary matter, the Court must determine whether Defendants waived any right to seek an award of fees and costs by failing to file a properly supported application within the appropriate time frame.  The Judgment Plaintiffs argue that the Motion should be denied due to Defendants' failure to submit their application, or otherwise request additional time, prior to the extended April 15, 2016 deadline.  See Response at 16-18. Defendants counter that their delay was a result of an "unexpected technological glitch" with the Court's e-filing system, which led them to file their Second Extension Motion only four minutes late, thereby amounting to "excusable neglect."  Reply at 1-5.

"In deciding how to manage its docket, the Court enjoys broad discretion to manage its case load and enforce deadlines."  Dugas v. 3M Co., No. 3:14-CV-1096-J-39JBT, 2015 WL 3938777, at *1 (M.D. Fla. June 26, 2016) (quoting Glover v. City of

---

[9]      Specifically, on April 18, 2016, the Honorable James R. Klindt, United States Magistrate Judge, entered an order granting Defendants' Second Extension Motion over the Judgment Plaintiffs' objections. See Doc. No. 252.  However, in doing so, Magistrate Judge Klindt expressly declined to rule on the issues of whether Defendants waived their rights to seek fees and costs and whether the Court was divested of jurisdiction over Defendants' application as a result of their tardy filing.

[10]      As such, the Court's consideration of the pending Motion is limited to an analysis of two issues: (1) which party or parties prevailed on the claims in this action, and (2) whether any defendant is entitled to seek an award of attorneys' fees or costs with regard to any claim on which that defendant prevailed.

<u>Pensacola</u>, 372 Fed. Appx. 952, 953 (11th Cir. 2010)) (citations omitted) (internal quotation marks omitted).[11]  Indeed, in circumstances where a party submits a filing after a deadline, the Court may still consider that filing upon a showing of "excusable neglect." <u>Id.</u> (citation omitted); Fed. R. Civ. P. 6(b)(1)(B).  Whether a party has shown excusable neglect is an equitable determination that requires an analysis of all of the relevant circumstances surrounding the delay.  <u>See</u> <u>id.</u> (quoting <u>Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993)).  Such circumstances include, but are not limited to: (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on the proceedings; and (3) the reason for the delay, including whether the delay was within the control of the tardy filer and whether that party acted in good faith.  <u>Id.</u>

In this case, Defendants contend that in the process of preparing a comprehensive application for fees and costs, counsel noticed a "mistaken calculation assumption in the supporting documentation that created a significant discrepancy between the calculations shown in that documentation and the amounts sought in the[ir Motion]."  Reply at 3.  As a result, counsel made the decision to request a second, brief extension to correct this discrepancy prior to submitting the documentation to the Court.  <u>See</u> <u>id.</u>  This decision required Defendants to file their Second Extension Motion; however, in attempting to do so, Defendants allege that an "unexpected technological glitch" created a temporary delay in accessing the Court's e-filing system which, in turn, resulted in the tardy filing.  <u>See</u> <u>id.</u>  Upon consideration of the foregoing, the Court finds that the duration of the delay – a

---

[11]   "Although an unpublished opinion is not binding . . ., it is persuasive authority." <u>United States v. Futrell</u>, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); <u>see generally</u> Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

matter of minutes – was <u>de minimis</u>, with no cognizable impact on the proceedings.  <u>See</u> <u>Dugas</u>, 2015 WL 3938777, at *2 (finding that a nineteen minute delay in filing a motion for summary judgment was <u>de minimis</u>).  Moreover, while the delay may have been within Defendants' control, there is no indication or suggestion that Defendants acted in bad faith.  Finally, and perhaps most significantly, the Judgment Plaintiffs have failed to even suggest that they were prejudiced in any way as a result of Defendants' actions.  <u>See</u> Response at 16-18.  Instead, the Judgment Plaintiffs simply argue for a more rigid interpretation of the law with respect to filing deadlines.  <u>See id.</u> at 17.  Here, because all of the factors weigh in favor of considering the merits of Defendants' Motion, the Court concludes that Defendants did not waive any potential right to seek fees and costs as a result of the tardy filing of the Second Extension Motion.

   **1.  Prevailing Party Analysis**

      **a.  Applicable Law**

   Turning to the merits of the Motion, the Court must first determine which party or parties prevailed with respect to each of the claims at issue.  The Judgment Plaintiffs contend that they prevailed in this action because the jury found in their favor and found "each of the Defendants liable and . . . guilty of a willful violation of the FLSA and FMWA."  <u>Id.</u> at 10.  As such, the Judgment Plaintiffs assert that they were "100% successful in this matter and are thus the prevailing party."  <u>See id.</u> at 11.  Conversely, Defendants – taking a more nuanced view of the issue – contend that: (1) Creekside and its individual owners are the prevailing parties on all claims asserted against them; (2) Defendants are the prevailing parties with respect to all of Hoolahan's claims; (3) Defendants are the prevailing parties with respect to the FLSA claims in Count III, the class-wide FMWA

claims in Count VI, and the FLSA-retaliation claims in Count VIII; and (4) the Restaurant Defendants are prevailing parties with respect to the FPWA claims in Count VII.  See Motion at 9, 11-12.

In this action, the Court has original jurisdiction over the FLSA claims and supplemental jurisdiction over the FMWA and FPWA claims.  See 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy . . .").  As such, an analysis of both federal and state law is appropriate in resolving the disputed issue of prevailing party status.  See Earthcam, Inc. v. OxBlue Corp., 658 Fed. Appx. 526, 530-31 (11th Cir. 2016) (applying state law to determine entitlement to attorneys' fees for claim brought pursuant to the court's supplemental jurisdiction); McMahan v. Toto, 256 F.3d 1120, 1132 (11th Cir. 2001) (holding that "It is clear that statutes allowing for the recovery of attorney's fees are substantive for Erie[ R.R. v. Tompkins, 304 U.S. 64 (1938)] purposes.").  Both federal and Florida state law provide that a prevailing party is or can be that party which "prevailed on any significant issue in the litigation."  See, e.g., Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc., 572 Fed. Appx. 796, 801 (11th Cir. 2014) (citing Moritz v. Hoyt Enters., Inc., 604 So. 2d 807, 809-10 (Fla. 1992)) (articulating the state standard); Davis v. Prudential Sec., Inc., 59 F.3d 1186, 1195 (11th Cir. 1995) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)) (articulating the federal standard).  With respect to federal law, one party can be determined a prevailing party on one claim, while the opposing party prevails on another claim.  See generally Hensley, 461 U.S. at 435.

Similarly, with multi-count actions under Florida law, if each claim is separate and distinct and would support an independent action, "the prevailing party on each distinct claim is entitled to an award of attorneys' fees for those fees generated in connection with that claim[,]" so long as there is a legal basis for such a fee award.[12]   Davis v. Nat'l Med. Enters., Inc., 253 F.3d 1314, 1320 (11th Cir. 2001) (citing Folta v. Bolton, 493 So. 2d 440, 442-43 (Fla. 1986)); see also Keys Lobster, Inc. v. Ocean Divers, Inc., 468 So. 2d 360, 363 (Fla. 1985) (citations omitted) ("For the purposes of awarding attorney's fees, each claim must be assessed individually.").

Regarding the state law claims, the Florida Supreme Court addressed the factors to be considered in determining which party is a prevailing party in Prosperi v. Code, Inc., 626 So. 2d 1360, 1362-63 (Fla. 1993).   There, the court evaluated the applicability of Florida's longstanding "net judgment rule" to claims calling for the payment of attorneys' fees.   This rule generally provided that the party obtaining the greater award was the prevailing party.   Id. at 1363.   Ultimately, the court held that – while obtaining a net judgment remains a significant factor in the prevailing party analysis – the trial judge must also have discretion to "consider the equities and determine which party has in fact prevailed on the significant issues."   Id.   More recently, the Florida Supreme Court explained that the holding of Prosperi effectively replaced the "net judgment rule" with the "significant issues test," allowing for a more "flexible rule that will achieve an equitable result with respect to the determination of the prevailing party."   Chow v. Chak Yam Chau, 640 Fed. Appx. 834, 841 (11th Cir. 2015) (quoting Trytek v. Gale Indus., Inc., 3 So. 3d

---

[12]      Conversely, when various claims are inextricably intertwined, arising out of a common core of facts, claim-by-claim allocation likely is not feasible.   See River Bridge Corp. v. Am. Somax Ventures, 76 So. 3d 986, 989 (Fla. Dist. Ct. App. 2011).

1194, 1202 (Fla. 2009)) (internal quotations omitted).  The Eleventh Circuit has since interpreted this line of cases to allow for an exercise of considerable discretion in considering the equities when making prevailing party determinations under Florida law.  See id. at 842-43.

Even with this helpful guidance, "given the kaleidoscope of possible outcomes in civil litigation involving multiple plaintiffs and defendants who assert multiple claims [], deciding which, if any, party has prevailed for purposes of attorney's fees can be an uncertain proposition." Id. at 840.  Here, the Court considers the scope and history of the litigation as well as the merits of the parties' respective positions.  In doing so, the Court notes that this case was heavily litigated, involved extensive discovery disputes and an extremely adversarial posture from the outset.  Prior to trial, the Court granted summary judgment in favor of all Defendants and against the Named Plaintiffs on the FLSA claims in Count III and the class-wide FMWA claims in Count VI.[13]  See Summary Judgment Order at 48.  Additionally, the Court granted summary judgment against Keating and Crowling and in favor of the Restaurant Defendants as to the FPWA claims in Count VII, and in favor of all Defendants as to the FLSA-retaliation claims in Count VIII.  See id.  At trial, the Court granted the motion for judgment as a matter of law in favor of Creekside and its individual owners with respect to all claims advanced by the Named Plaintiffs – see Clerk's Minutes of Jury Trial held on March 15, 2016 – and in favor of all Defendants with respect to all claims brought by Hoolahan – see Clerk's Minutes of Jury Trial held on March 16, 2016.  In light of these outcomes, although the Judgment Plaintiffs achieved a monetary victory, they are incorrect in summarily concluding that they "were 100%

---

[13]     The elimination of the class claims significantly reduced the total potential damages award.

successful in the prosecution of this matter and are thus the prevailing party."  Response at 11.  Indeed, such a conclusion appears to rest solely on the assumption that the Judgment Plaintiffs prevailed because the net judgment was in their favor, an assumption which does not comport with the law in that it fails to account for their loss on certain claims and other equitable considerations.  As such, the Court must determine prevailing party status in this action with respect to each individual claim – both federal and state – and where necessary, each individual party.

### b.  Prevailing Party Status

As an initial matter, the Court readily concludes that the Judgment Plaintiffs prevailed on their FLSA claims in Counts I and II, as well as on their FMWA claims in Counts IV and V, by virtue of the jury's verdict and the entry of judgment in their favor at the conclusion of the trial.  <u>See</u> Final Judgment.  Nevertheless, Defendants argue that they are the prevailing parties on the FLSA claims in Count III, the class-wide FMWA claims in Count VI, the FPWA claims in Count VII, and the FLSA-retaliation claims in Count VIII by virtue of the Court's entry of summary judgment in their favor.  <u>See</u> Motion at 11-16.  With respect to this contention, the Court recognizes that the law plainly provides that a party can be considered a 'prevailing party' due to the entry of summary judgment on a claim in that party's favor.  <u>See</u> <u>Head v. Medford</u>, 62 F.3d 351, 355 (11th Cir. 1995); <u>Sentinel Enters., Inc. v. Stankiewicz</u>, 545 So. 2d 288, 289 (Fla. Dist. Ct. App. 1989) (citations omitted).  Here, because the Court granted summary judgment and ultimately entered judgment in favor of all Defendants and against all Named Plaintiffs as to the FLSA claims in Count III as well as against all Named Plaintiffs as to the class-wide FMWA claims in Count VI, all Defendants are prevailing parties as to these claims.

Additionally, because the Court granted summary judgment and ultimately entered judgment in favor of the Restaurant Defendants and against Keating and Crowling as to the FPWA claims in Count VII and in favor of all Defendants as to the FLSA-retaliation claims in Count VIII, the Restaurant Defendants are prevailing parties as to the FPWA claims and all Defendants are prevailing parties as to the FLSA-retaliation claims.

Defendants further contend that they are the prevailing parties with respect to all of Hoolahan's remaining claims, specifically the FLSA claims in Counts I and II as well as the FMWA claims in Counts IV and V, as a result of the Court's entry of judgment as a matter of law in their favor due to Hoolahan's failure to appear at trial.  See Motion at 11. Defendants are correct, as the judgment against Hoolahan effectively amounted to a dismissal of his claims with prejudice, thereby entitling all Defendants to prevailing party status with respect to Hoolahan individually.  See Pickett v. Iowa Beef Processors, 149 Fed. Appx. 831, 832 (11th Cir. 2005) (determining that a party qualifies as a prevailing party after securing judgment as a matter of law in its favor); Black Diamond Props, Inc. v. Haines, 36 So. 3d 819, 821 (Fla. Dist. Ct. App. 2010).  The same reasoning applies to Creekside and its individual owners with regard to all claims brought against them.  While the Judgment Plaintiffs prevailed at trial against Saltwater Cowboys on some claims jointly asserted against both Creekside and Saltwater Cowboys together with their individual owners, "no amount of success against one defendant . . . can be considered success against a different defendant."  In re Basil St. Partners, LLC, No. 9:11-BK-19510-FMD, 2013 WL 4461566, at *4 (M.D. Fla. Aug. 19, 2013) (quoting Caplan v. 1616 E. Sunrise Motors, Inc., 522 So. 2d 920, 921 (Fla. Dist. Ct. App. 1988)).  As such, the Court also finds that Defendants are prevailing parties with respect to all of Hoolahan's

remaining FLSA and FMWA claims, and that Creekside and its individual owners are prevailing parties on all claims brought against them.  Thus, the Court concludes that both the Judgment Plaintiffs and Defendants are prevailing parties as to some claims under the unique circumstances presented by this action.

### 2.  Entitlement to an Award of Statutory Attorneys' Fees and Costs

Having determined that Defendants are prevailing parties with respect to certain claims, the Court now turns to the question of whether Defendants are entitled to an award of statutory attorneys' fees and costs for the claims upon which they prevailed.

### a.  FLSA Claims – Counts I, II, III, and VIII

The Court concluded that the Judgment Plaintiffs prevailed on their FLSA claims in Counts I and II against Saltwater Cowboys and its named individual owners.  See supra at 13.  Conversely, the Court determined that all Defendants prevailed on the FLSA claims in Count III brought by all Named Plaintiffs, as well as on the FLSA-retaliation claims in Count VIII brought by Keating and Crowling.  See id.   The Court further found that Creekside and its individual owners prevailed on all FLSA claims brought against them by all Named Plaintiffs.  See id. at 13-14.

With regard to an award of statutory attorneys' fees and costs under FLSA, the Judgment Plaintiffs assert that such fees and costs are "only awardable to prevailing plaintiffs . . . ."  Response at 4.  Defendants appear to concede this point.  See Reply at 5 ("[I]t is true that [FLSA] does not provide for fee shifting . . .").  The relevant language of FLSA's attorneys' fee provision states as follows:

> Any employer who violates the provisions of section 206 or 207 of this title [and] [a]ny employer who violates the provisions of section 215(a)(3) of this title shall be liable . . . [and in] [a]n action to recover liability prescribed in either of the preceding sentences

. . . [t]he court [] shall, in addition to any judgment awarded, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

See 29 U.S.C. § 216(b).  Interpreting this language, both the Eleventh Circuit and the courts within it have consistently held that FLSA does not provide for an award of statutory attorneys' fees or costs to prevailing defendants.  See, e.g., Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1543 (11th Cir. 1985); see also Ellis v. All My Sons Moving & Storage of Orlando, Inc., No. 6:07-CV-2017-ORL-19DAB, 2009 WL 2496626, at *2 (M.D. Fla. Aug. 12, 2009) ("The FLSA does not provide for an award of fees to a prevailing defendant."); Murray v. Playmaker Servs., LLC, 548 F. Supp. 2d 1378, 1381 (S.D. Fla. 2008) ("The [FLSA] directs district courts to award reasonable attorney's fees and costs to a plaintiff . . . .").  Moreover, § 216(b) makes fee awards mandatory for prevailing plaintiffs.  See, e.g., Ellis, 2009 WL 2496626, at *2 (citing Kreager, 775 F.2d at 1542-43).

Based upon these well-established principles, the Court determines that to the extent Defendants request statutory fees and costs for prevailing on any FLSA claims in this action, such request is due to be denied.

### b.  FMWA Claims – Counts IV, V, and VI

The Court concluded that the Judgment Plaintiffs prevailed on their FMWA claims in Counts IV and V against Saltwater Cowboys and its named individual owners.  See supra at 13.  Conversely, the Court determined that all Defendants prevailed on the class-wide FMWA claims in Count VI.  See id.  The Court further found that Creekside and its individual owners prevailed against all Named Plaintiffs on all FMWA claims brought against them.  See id. at 13-14.

Here, the Judgment Plaintiffs assert that, because "the FMWA is silent as to any provision of attorneys' fees for prevailing defendants . . . there is no statutory basis in the . . . FMWA in which to award Defendants attorneys' fees[.]"  Response at 7.  In response, Defendants maintain that they may recover their fees and costs under Florida Statutes section 448.08, which allows for an award of fees to the prevailing party in an action for unpaid wages.[14]  Reply at 5.   Defendants further argue that "[i]f the Florida legislature [sic] intended § 448.08 [sic] not to apply in cases brought under § 448.110 [sic], it could have added express language to either provision to that effect."  Reply at 5.  In order to address these divergent statutory interpretations, an analysis of the origin of the FMWA is appropriate.

The FMWA, codified in section 448.110 of the Florida Statutes, serves as the implementation statute for article X, section 24 of the Florida Constitution.  See Fla. Stat. § 448.110(2).   Article X, section 24 states that "[p]ersons aggrieved by the violation of this amendment . . . upon prevailing . . . shall be awarded reasonable attorney's fees and costs."  Fla. Const. art. X, § 24(e).  The amendment also instructs that "[i]t is intended that case law, administrative interpretations, and other guiding standards developed under the federal FLSA shall guide the construction of this amendment and any implementing statutes or regulations."  Id. § 24(f) (emphasis added).  Notably, the FMWA contains its own attorneys' fee provision that closely mirrors the language of the related provision of article X, section 24.  It states, in pertinent part, as follows:

Upon prevailing in an action brought pursuant to this section, aggrieved persons shall recover the full amount of any back wages unlawfully withheld plus the same amount as liquidated damages and shall be awarded reasonable attorney's fees and costs.

---

[14]    The full text of Florida Statutes section 448.08 reads as follows: "The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee."  Fla. Stat. § 448.08.

-17-

Fla. Stat. § 448.110(6)(c)(1).  The presence of this express language in the FMWA provides a strong indication that the Florida Legislature did not intend for section 448.08 to apply to causes of action brought under article X, section 24 and/or the FMWA. Additionally, a plain reading of the statute points to the conclusion that only a prevailing plaintiff is entitled to an award of fees and costs.  This is so because it is axiomatic that an employer would not be an "aggrieved person" seeking "back wages" under this statute.[15]  As a result, it appears that Defendants' reliance on section 448.08 is misplaced.

Nevertheless, Defendants also assert that "since the Legislature did not include any specific statutory language in § 448.110 [sic] that exempts it from the remedy provided to a prevailing defendant by § 448.08 [sic], a prevailing defendant can invoke § 448.08 [sic] to seek fees and costs in a § 448.110 [sic] claim."  Reply at 7.  This is so, according to Defendants, because Count VI "raised claims for unpaid wages under state law."  Id. at 6.  In support of this proposition, Defendants cite to two cases in which a court awarded attorneys' fees to a defendant under section 448.08 for prevailing in an unpaid wages action.  See Ultimate Makeover Salon & Spa, Inc. v. DiFrancesco, 41 So. 3d 335, 338 (2010) (citation omitted) ("Case law does support [] awarding an employer attorney's fees under section 448.08 when the employer prevails . . . ."); Sentinel Enters., 545 So. 2d at 289 (citations omitted) ("[W]e agree with Sentinel that, by virtue of the summary judgment entered adverse to Godwin on his claim for unpaid wages or salary, Sentinel is the prevailing party under section 448.08, Florida Statutes (1987), and is, therefore,

---

[15]     Moreover, the purpose of fee-shifting provisions in wage disputes is not to punish, but rather to incentivize "private attorneys to take employment discrimination cases and thereby ensure competent legal representation of legitimate claims."  See generally Odil v. Evans, No. 3:01-CV70(DF), 2005 WL 3591962, at *3 (M.D. Ga. Dec. 30, 2005) (applying FLSA).  This proposition further supports the Judgment Plaintiffs' contention that attorneys' fees are generally only available to successful plaintiffs in this type of action.

entitled to attorney's fees."). However, Defendants' reliance on these cases is misplaced because neither court ultimately granted relief under the FMWA, and here the Named Plaintiffs specifically brought Count VI under the FMWA by virtue of their express reference to article X, section 24 of the Florida Constitution. See Third Amended Complaint at 19. Notably, Defendants cite no authority, and the Court found none, in which a court awarded statutory attorneys' fees or costs to a defendant under section 448.08 for prevailing on a FMWA claim.

Finally, Defendants maintain that "[b]ecause § 448.08 [sic] does not create an action for unpaid wages, it can only relate to an award for prevailing parties in an action for unpaid wages brought pursuant to some other law," such as the FMWA. Reply at 6-7. However, this assumption is flawed. Several federal courts have interpreted claims for unpaid wages which cite only to section 448.08 as bringing a claim for unpaid wages under Florida common law. See, e.g., Perez v. Mediglez Wellness Ctr., Inc., No. 8:12-CV-2571-T-33EAJ, 2013 WL 5566183, at * 4 (M.D. Fla. Oct. 8, 2013) (quoting Baker v. Fid. Mortg. Direct Corp., No. 8:10-CV-2596-T-24, 2001 WL 1560665, at *2 n. 4 (M.D. Fla. Apr. 25, 2011)) (citing Short v. Bryn Alan Studios. Inc., No. 8:08-CV-145-T-30TGW, 2008 WL 2222319, at *3 (M.D. Fla. May 28, 2008); Edwards v. Niles Sales & Serv., Inc., 439 F. Supp. 2d 1202, 1208, n. 6 (S.D. Fla. 2006)). Florida's state courts have recognized such a common law claim as well. Sobinski v. Learning Connections of Pensacola LLC, No 3:14-CV-00345-RS-CJK, 2014 WL 5092268, at *4 (N.D Fla. Oct. 9, 2014) (citing McRae v. Douglas, 644 So. 2d 1368, 1371 n. 1 (Fla. Dist. Ct. App. 1994)) (noting "common law action for unpaid wages."); see also Sentinel Enters., 545 So. 2d at 289 (finding a prevailing defendant entitled to attorney's fees on a claim for unpaid wages

resulting from a breach of contract). However, this Court need not determine whether a common law cause of action for unpaid wages exists under section 448.08 as Defendants have failed to persuade the Court that they are entitled to a statutory award of fees and costs pursuant to this section for prevailing on the FMWA claims.

As such, the Court determines that Defendants' request for attorneys' fees and costs for prevailing on the class-wide FMWA claims in Count VI is due to be denied.  For these same reasons, the Court determines that Creekside and its individual owners are not entitled to an award of statutory attorneys' fees and costs for prevailing on all FMWA claims brought against them, and that Defendants collectively are not entitled to such an award for prevailing on Hoolahan's FMWA claims.

### c.  FPWA Claims – Count VII

Next, the Court turns to Count VII – the FPWA claims brought by Keating and Crowling against the Restaurant Defendants.  The Restaurant Defendants prevailed on these claims, see supra at 13-14, and assert that the Court should exercise its discretion to award statutory fees and costs in their favor given the amount of time and effort expended in litigating each claim.  See Motion at 15-18; Reply at 8-9.  Conversely, Keating and Crowling contend that the Court should not award fees and costs to the Restaurant Defendants for prevailing on these claims because they were ancillary to the rest of the issues in dispute, among other things.  See Response at 13-14.  In rebuttal, the Restaurant Defendants note that they did at least attempt to settle these claims.[16]  See Reply at 8-9.

---

[16]     In doing so, the Restaurant Defendants also note that Keating and Crowling's counsel stated that one of the their claims for damages included "back pay plus economic losses due to purported decreased shifts, preferential tables, and decreased income," thereby implying that the claim would be difficult to settle.

The applicable attorneys' fee provision of the FPWA states that "[a] court may award reasonable attorney's fees, court costs, and expenses to the prevailing party." Fla. Stat. § 448.104 (emphasis added).  As such, an award of prevailing party attorneys' fees and costs under this statue is "not automatic and is left to the discretion of the district court."  Canalejo v. ADG, LLC, No. 8:14-CV-17-T-MAP, 2015 WL 7351446, at *2 (M.D. Fla. Nov. 20, 2015) (quotation omitted); see also Bush v. Raytheon Co., No. 8:07-CV-02087-T-24-AEP, 2010 WL 2044887, at *1 (M.D. Fla. May 21, 2010).  While not mandatory, "district courts have been guided by the following five factors" in deciding whether a discretionary award is appropriate under this statute: (1) the scope and history of the litigation, including whether the losing party continued to prolong the action despite the presence of an efficient resolution; (2) the parties' wealth disparity; (3) whether an award of fees would frustrate the FPWA's remedial purpose by deterring worthy claimants; (4) whether the opposing party's case was meritorious or frivolous; and (5) whether the opposing party acted in good or bad faith.  Canalejo, 2015 WL 7351446, at *2 (citing Blanco v. Transatlantic Bank, No. 07-20303-CIV, 2009 WL 2762361, at *2 (S.D Fla. Aug. 31, 2009)).  Additionally, the Eleventh Circuit has held that "the fact [alone] that a losing party has acted in good faith or that his legal position had arguable merit will justify an exercise of the district court's discretion in deciding not to award attorney's fees." James v. Wash Depot Holdings, Inc., 489 F. Supp. 2d 1336, 1338 (S.D. Fla. 2007) (quoting Sherry Mfg. Co. v. Towel King of Fla., 822 F.2d 1031, 1034 (11th Cir. 1987)) (applying the FPWA).

---

Reply at 8-9; see also Reply, Ex. A (Doc. No. 265-1).  At the same time, however, counsel further stated that the retaliation claims had "significantly less value" than the unpaid wages claims.  Reply, Ex. A.

Here, the Restaurant Defendants propose five grounds supporting an exercise of discretion to award fees and costs: (1) the Named Plaintiffs raised numerous claims and allegations that were not founded in any evidentiary basis; (2) the Named Plaintiffs maintained their action against Creekside with no basis to do so; (3) Hoolahan failed to appear at trial; (4) the Named Plaintiffs pursued this matter as an unwarranted class action; and (5) Keating and Crowling pursued their retaliation claims only for them to later fail on summary judgment. See Motion at 15-18. Keating and Crowling, for their part, rely on the multi-factor analysis discussed above to argue against a discretionary award. See Response at 13-14. In this regard, they maintain that: (1) "the retaliation claims were ancillary to the unpaid wage claims and de minimis in value;" (2) "[t]here was not a single deposition taken or a single witness called solely for the purpose of these retaliation claims;" (3) the Restaurant Defendants never offered to settle these claims; (4) an award of fees would deplete Keating and Crowling's jury awards, thereby "defeating the remedial purpose of the provisions" of the relevant statutes; and (5) "the Court did not find that the retaliation claims were meritless or prosecuted in bad faith." Id. at 13-14.

While the Restaurant Defendants recognize that it is appropriate for courts to consider the factors identified above when determining whether a discretionary award of attorneys' fees is proper under the FPWA, they suggest that – because such consideration is discretionary – courts are free to take into account any other relevant circumstances as well. See Motion at 15. Accordingly, the Restaurant Defendants advance some arguments supporting their request for fees and costs under the FPWA that do not bear directly on the resolution of the FPWA claim. See id. Having already determined that Defendants are not entitled to statutory fees and costs for any other

claims upon which they prevailed, the Court will limit its consideration of the Restaurant Defendants' arguments to those directly relating to the FPWA claim.  In other words, the Court will not permit the Restaurant Defendants to use the FPWA as a backdoor method to obtain an award of fees and costs for other claims.  In this regard, the Court notes that the first, second, and fourth arguments made by the Restaurant Defendants relate to the lawsuit as a whole, not the FPWA claims.  While the Restaurant Defendants may earnestly believe that the Named Plaintiffs' "case deflated once all the smoke [they] blew [] dissipated," Motion at 16, and that "Plaintiffs must have known" that they did not work at Creekside prior to adding it as a party to the litigation, id., these assertions do not provide justification for an award of fees pursuant to the FPWA.  Similarly, although Hoolahan did fail to appear at trial, he was not one of the individuals who brought the FPWA claims in the first place.

    As to the remaining contention, the Court concludes that Keating and Crowling's FPWA claims against Saltwater Cowboys were not frivolous or otherwise brought in bad faith.  To be sure, a retaliation claim is not automatically rendered frivolous due to a party's failure to establish a prima facie case for the purposes of summary judgment.  See Keen v. Bovie Med. Corp., No. 8:12-CV-305-T-24-EAJ, 2014 WL 293472, at *3 (M.D. Fla. Jan. 27, 2014).  While the Court did note that Keating's claim fell particularly short in that it failed to establish that he suffered a 'retaliatory personnel action' as required under the FPWA, see Transcript of Final Pretrial Conference (Doc. No. 196) at 26, the Court does not find that either claim was wholly unsupported by the law or facts.[17]  Moreover, based

---

[17]    The Court recognizes that the FPWA claims against Creekside were arguably frivolous as Keating and Crowling do not appear to have worked shifts at Creekside, and the FPWA does not provide for the type of common enterprise liability relied upon by the Named Plaintiffs in support of their FLSA and FMWA claims.  Nevertheless, the Court declines to award fees to Creekside, separately, as to this claim.  The

on the record facts and history of the case, the Court also declines to conclude that Keating or Crowling acted in bad faith by continuing to pursue their FPWA claims through summary judgment.  See Bush v. Raytheon Co., No. 8:07-CV-02087-T-24AEP, 2009 WL 5128040, at *3 (M.D. Fla. Dec. 21, 2009) (finding no bad faith where the plaintiff sincerely but wrongly believed his accusations against the defendant).  Although the Restaurant Defendants did initiate a settlement discussion – they failed to proffer evidence demonstrating that Keating and Crowling needlessly prolonged the action.  Indeed, the Court is unaware of any "efficient resolution" presented to Keating and Crowling with respect to their FPWA claims, as it appears that the settlement discussion never gained traction.  See Reply, Ex. A.

In light of this determination, and because the FPWA "establishes Florida's public policy in favor of promoting the disclosures of wrongdoing and [protecting] those who make such disclosures," Bell v. Georgia-Pacific Corp., No. 504CV50OC10GRJ, 2005 WL 1618223, at *1 (M.D. Fla. July 6, 2005), the Court declines to exercise its discretion to award attorneys' fees and costs.  Where, as here, Keating and Crowling brought non-frivolous claims that ultimately did not prevail, such an award would otherwise fail to effectuate the remedial purpose of the FPWA.  Accordingly, the Restaurant Defendants' request for a discretionary award of fees and costs under the FPWA is due to be denied.

### 3.  Entitlement to an Award of Taxable Costs

Defendants also claim entitlement to an award of taxable costs pursuant to Rule 54(d) and 28 U.S.C. § 1920.  See Motion at 23-25.  Rule 54(d) states in part that "[u]nless

---

Court's view of the record is that the inclusion of Creekside in the FPWA claims added no significant expenditure of resources.  Indeed, Creekside did not even separate itself from Saltwater Cowboys at summary judgment by arguing that it never employed wither Keating or Crowling.  Thus, no award of fees to Creekside, by itself, is warranted.

a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Defendants also note that Rule 54(d) creates a rebuttable presumption in favor of awarding costs, and therefore urge the Court to award them "costs proportional to the percentage of fees claimed versus the total fees incurred for each successfully defended count." See Motion at 24 (citing Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991)). Notably, the Judgment Plaintiffs do not appear to contest Defendants' entitlement to taxable costs for the claims upon which they prevailed. See generally Response; Sur-Reply.

In determining Defendants' entitlement to such an award, the Court is mindful of the Eleventh Circuit's decision in Davis v. City of Hollywood, 120 F.3d 1178 (11th Cir. 1997). There, the court determined that the language of 29 U.S.C. § 216(b) – FLSA's attorneys' fee provision – does not preclude an award of taxable costs to a prevailing defendant. See id. at 1181. Hence, the court affirmed an award of taxable costs to a prevailing defendant in a FLSA action pursuant to Rule 54(d). Id. While there does not appear to be a similar case discussing the ability of a prevailing defendant to collect taxable costs in a FMWA action, the Florida Legislature has instructed that case law developed under FLSA is to be used as guidance for construing the FMWA. See Fla. Const. art. X, § 24(f). Additionally, the Eleventh Circuit notes a "strong presumption in favor of awarding [taxable] costs to the prevailing party." Pickett, 149 Fed. Appx. at 832. Indeed, "[c]ases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced." Head, 62 F.3d at 355 (quoting United States v. Mitchell, 580 F.2d 789, 793-94 (5th Cir. 1978)). In

accordance with this presumption, other federal courts have awarded taxable costs to prevailing defendants in FPWA actions as well.  See, e.g., Bell, 2005 WL 1618223, at *1.

Based on this authority, the Court concludes that the defendants in this action are entitled to an award of taxable costs for prevailing on the following claims: (1) for the FLSA claims in Counts I and II as well as the FMWA claims in Counts IV and V, all Defendants are entitled to an award of costs from Hoolahan, and Creekside and its individual owners are entitled to an award of costs from the Named Plaintiffs; (2) for the FLSA claims in Count III as well as the class-wide FMWA claims in Count VI, all Defendants are entitled to an award of costs from the Named Plaintiffs; (3) for the FPWA claims in Count VII, the Restaurant Defendants are entitled to an award of costs from Keating and Crowling; and (4) for the FLSA-retaliation claims in Count VIII, all Defendants are entitled to an award of costs from Keating and Crowling.

### III.    Conclusion

In ruling on a motion for attorneys' fees and costs, a court must "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail [with respect to certain claims], his action must have been unreasonable or without foundation.  This kind of hindsight logic could discourage all but the most airtight claims . . . ."  Head, 62 F.3d at 355 (quotation omitted).  In consideration of the factual and procedural history of this action, the claims raised, and the evidence presented, the Court concludes that Defendants, although prevailing on certain claims, are not entitled to an award of statutory attorneys' fees and costs. However, Defendants are entitled to certain taxable costs pursuant to Rule 54(d) and 28

U.S.C. § 1920.  In light of the foregoing, Defendants' Motion is due to be granted, in part, and denied, in part.

In an Order dated December 8, 2016, see supra at 7, the Court previously deferred consideration of the instant Motion to the extent it sought an award of attorneys' fees and costs pending resolution of the disputed issues of prevailing party status and entitlement to seek fees or costs.  See generally Order.  The Court has now resolved the questions of prevailing party status and Defendants' entitlement to an award of attorneys' fees and/or costs.  Nevertheless, the Court declines to address the amount of any award based on the current briefing.  Defendants' arguments with respect to the amounts they seek were made without the benefit of the Court's decisions as to any defendant's entitlement to an award of costs.  Further, the Judgment Plaintiffs have also filed a motion seeking an award of attorneys' fees and costs as prevailing parties.  See Plaintiffs' Fee Motion, filed on April 8, 2016.[18]  They too did so without a determination as to which of their claims would provide a basis for an award of fees or costs.  The Court is of the view that the competing motions must be resolved together, but only after the parties have filed renewed motions which take into account the rulings made herein.  As such, to the extent Defendants seek an award of taxable costs pursuant to Rule 54(d), the Motion will be denied without prejudice to renewal at the appropriate time.  For the same reason, Plaintiffs' Fee Motion will be denied without prejudice to renewal at the appropriate time.

In an effort to conserve the parties' resources, before filing renewed motions the Court will give the parties a period of **75 days** to confer in an attempt to amicably resolve the remaining disputed issues and – if unable to do so without assistance – to participate

---

[18]     Defendants filed a response in opposition to Plaintiffs' Fee Motion on April 22, 2016.  See Defendants' Response in Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. No. 256).

in a mediation or settlement conference to resolve the issues.  In the event the parties are unable to resolve the issues, renewed motions must be filed by **July 10, 2017**. Accordingly, it is hereby **ORDERED:**

1. Defendants' Motion to Determine Defendants' Prevailing Party Status and to Award Attorneys' Fees and Tax Costs (Doc. No. 253) is **GRANTED, in part, DENIED, in part, and DENIED WITHOUT PREJUDICE, in part,** as follows:

   A. Defendants' Motion is **GRANTED** to the extent that the Court determines that one or more defendants is a prevailing party as follows:

      I. All Defendants are prevailing parties against the Judgment Plaintiffs on the FLSA claims in Count III and the class-wide FMWA claims in Count VI of the Third Amended Complaint;

      II. The Restaurant Defendants are prevailing parties against Keating and Crowling on the FPWA claims in Count VII of the Third Amended Complaint;

      III. All Defendants are prevailing parties against Keating and Crowling on the FLSA-retaliation claims in Count VIII of the Third Amended Complaint;

      IV. All Defendants are prevailing parties against Hoolahan on the FLSA claims in Counts I-III and the FMWA claims in Counts IV-VI of the Third Amended Complaint; and

      V. Creekside and its named individual owners are prevailing parties against all Judgment Plaintiffs on all claims brought against them.

B.  Defendants' Motion is further **GRANTED** to the extent that:

I.   All Defendants are entitled to an award of taxable costs against the Judgment Plaintiffs as to the FLSA claims in Count III and the class-wide FMWA claims in Count VI of the Third Amended Complaint;

II.   The Restaurant Defendants are entitled to an award of taxable costs against Keating and Crowling as to the FPWA claims in Count VII of the Third Amended Complaint;

III.   All Defendants are entitled to an award of taxable costs against Keating and Crowling as to the FLSA-retaliation claims in Count VIII of the Third Amended Complaint;

IV.   All Defendants are entitled to an award of taxable costs against Hoolahan as to the FLSA claims in Counts I-III and the FMWA claims in Counts IV-VI of the Third Amended Complaint; and

V.   Creekside and its named individual owners are entitled to an award of taxable costs against the Judgment Plaintiffs on all claims brought against them.

C.  To the extent Defendants' Motion seeks an award of statutory attorneys' fees, the Motion is **DENIED**.

D.  To the extent Defendants' Motion seeks an award of taxable costs, the Motion is **DENIED WITHOUT PREJUDICE** to renewal no later than **July, 10, 2017**, but only after the parties have conferred in good faith in an effort to resolve the issues, and if need be, have participated and

-29-

reached an impasse in a mediation or settlement conference convened to resolve the issues.

E. In any other respect, Defendants' Motion is **DENIED**.

2. Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. No. 248) is also **DENIED WITHOUT PREJUDICE** to renewal no later than **July 10, 2017**, but only after the parties have conferred in good faith in an effort to resolve the issues, and if need be, have participated and reached an impasse in a mediation or settlement conference convened to resolve the issues.

**DONE AND ORDERED** in Jacksonville, Florida, on March 22, 2017.

MARCIA MORALES HOWARD
United States District Judge

lc24

Copies To:
Counsel of Record